By the Court
 

 (Kinkade, J.).
 

 It was the duty of the Lake Brady Company, defendant, to exercise ordinary care to furnish a reasonably safe place for the use of its invitees in the park. This duty was stated by this court in
 
 Cincinnati Base Ball Club
 
 v.
 
 Eno,
 
 112 Ohio St., 175, 147 N. E., 86, as follows: ‘
 
 ‘
 
 One who expressly or by implication invites others to come upon his premises must exercise ordinary care to guard them against danger, and to that end he must exercise ordinary care to render the premises reasonably safe for the invitees.”
 

 This duty was further stated in
 
 S. S. Kresge Co.
 
 v.
 
 Fader,
 
 116 Ohio St., 718, 158 N. E., 174, 58 A. L. R., 132, as follows: “Owners or lessees of stores owe a duty to the patrons of the store to exercise ordinary care to prevent accident and injury to the patrons while in the store, but they are not insurers against all accidents and injuries to such patrons while in the store.”
 

 A like decision was rendered by the Supreme Court of Oregon in the case of
 
 Johnson
 
 v.
 
 Hot Springs Land & Improvement Co.,
 
 76 Or., 333, 148 P., 1137, L. R. A., 1915F, 689, the first clause of the syllabus of which is as follows: “Although the proprietor of a swimming pool is not an insurer of the safety of patrons, he is required to use reasonable care in furnishing reasonably safe conditions, and, if they are not reasonably safe, because of depth of water too slight to permit diving with safety, on failure to give notice of such condition and to warn
 
 *574
 
 patrons, the proprietor is liable for any resulting injury.”
 

 Whether the company in this case fulfilled the duty resting upon it was very largely a question of fact for the jury. The jury may have found that the diving of these two young men from the south side of the tower, with the results stated, was evidence sufficient to establish that neither of them knew before diving that the water was so shallow on that side of the diving tower as to make it dangerous for them to dive from that side. The company insists that the deceased was using the diving tower in a manner in which he was not invited to use it, and for that and other reasons he was clearly guilty of contributory negligence as a matter of law. The evidence was in conflict with respect to contributory negligence of the deceased, particularly with respect to his knowledge of the depth of the water on the south side of the diving tower. There is evidence manifest in the record from which the jury might have found the deceased free from contributory negligence, and might also have found that the company was guilty of the negligence charged, failure to warn; and this being true, the judgments of the trial and appellate courts must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Robinson, JJ., concur.