## Louisville Water Co. v. Bowers.

(Decided Oct. 31, 1933.)

CRAWFORD, MIDDLETON, MILNER & SEELBACH for appellant.

DAVID R. CASTLEMAN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment for $1,635.80 for personal injuries.

The facts are: Appellant conducts what is known as the Crescent Hill Swimming Pool, and charges a fee for its use by the public. The pool is about 270 feet long, and its depth varies from 3 feet at the shallow end to 8 feet at the deep end when the pool is filled. The sides of the pool are of white tile, and the bottom is green in color. When the pool is full and up to the overflow the water level is from 6 to 8 inches below the walkway encircling the pool. At various places along the edge there are figures along the sides of the pool between the water and the walkway showing the depth of the water. These figures are large enough to be seen from across the pool.

According to his evidence appellee appeared at the pool about 1:00 o'clock on June 9, 1931, accompanied by his wife, child, and sister-in-law. After putting on his bathing suit he walked from the bathhouse along the south edge of the pool to the deep end where he climbed down into the water, swam across the pool, and climbed up the ladder on the other side. He got out in the 8-foot water, and nothing happened to call his attention to the fact that the water was shallow, or that the pool

was filling, or was unusual in any way. He did not see: any guards or employees of the pool, and there were no signs or warnings that the pool was not full of water or was filling. He could not tell how deep the water was on account of the bottom being the same color as the water, which was green in appearance. After going a few feet west of the middle of the pool, and opposite a point where there was a mark of 5 feet on the side of the pool, he dived head first into the pool and struck his head on the bottom. He had been swimming for fifteen years and had been in the pool once before about two years before the accident.

According to the witnesses for appellant it had been. the custom ever since the pool was opened to permit people to go in while the pool was being filled, and many of the people came for sun baths rather than for swim- ming. One of them saw Bowers dive in the pool at a point about 30 feet west of the center and in the shallow end. There were some women and children in the pool at that place, and you could readily tell the depth of the water by looking at the people. The pool was being filled at the time and the depth of the water at the place: of the accident was from 1½ to 2 feet.

The first ground urged for reversal is that appel- lant was entitled to a peremptory on the ground that. appellee assumed the risk. The pool was maintained for public use, and an admission fee was charged. It was used both for swimming and diving, and it. was the duty of appellant either to use ordinary care to see that there was sufficient water in the pool to make it reasonably safe for diving purposes, or to warn patrons of the danger of diving while the pool. was being filled. 26 R. C. L., sec. 20, page 721. Tur- lington v. Tampa Electric Co., 62 Fla. 398, 56 So. 696,. 38 L. R. A. (N. S.) 72, Ann. Cas. 1913D, 1213. As it. never performed either of these duties, there can be no doubt of appellant's negligence. That being true, ap- pellee is entitled to recover unless it can be said that. he assumed the risk as a matter of law. While as be- tween the patron and the proprietor of a place or con- trivance for public amusement the doctrine of assumed. risk has sometimes been applied to those dangers not: due to any act of negligence on the part of the propri- etor, but inherent in the very nature of the sport, such as a chute or slide or ocean wave, Sullivan v. Ridgway

Construction Co., 236 Mass. 75, 127 N. E. 543, Carlin v. Krout, 142 Md. 140, 120 A. 232, 29 A. L. R. 13, it has been very sparingly applied where there was evidence of negligence in the construction, condition, or operation of the place or contrivance. Indeed, even as between master and servant, the servant never assumes risk growing out of the master's negligence unless he knows of the failure of duty and appreciates the danger, or unless the failure of duty and danger therefrom are so obvious that an ordinarily prudent person would have observed the one and appreciated the other. Louisville & N. R. Co. v. Davis, 199 Ky. 275, 250 S. W. 978. Clearly in a case like this the doctrine of assumed risk should go no further than to preclude a recovery where the patron voluntarily subjects himself to a peril that is known to him, or plainly observable by a person of ordinary prudence in his situation. Though it is true that appellant's witnesses testified in substance that the depth of the water was plainly discernible, and was also shown by the presence of bathers and by markers on the side of the pool, it must not be overlooked that appellee testified that he looked at the water, that the bottom was green, and the water of the same color, and that he could tell nothing about its depth. In view of the conflict in the evidence, and of the rule that a patron of a place of public amusement for hire is not obliged to make a critical examination of the premises to determine whether they are safe, but has a right to assume that those in charge have provided a safe place and taken the proper precautions for his safety. Thompson v. Lowell, L. & H. Street R. Co., 170 Mass. 577, 49 N. E. 913, 40 L. R. A. 345, 64 Am. St. Rep. 323; Scott v. University of Michigan Athletic Ass'n, 152 Mich. 684, 116 N. W. 624, 17 L. R. A. (N. S.) 234, 125 Am. St. Rep. 423, 15 Ann. Cas. 515, it cannot be said as a matter of law that appellee in diving into the pool subjected himself to a known, or obvious, peril, and therefore assumed the risk. It follows that the motion for a peremptory instruction was properly overruled.

The instruction on contributory negligence reads as follows:

"It was the duty of the plaintiff, Richard Bowers, in diving into any portion of said swimming pool, to exercise ordinary care generally for his own

safety, and this duty included the duty of ascertaining the depth of the water in said pool before diving; and if you believe from the evidence that he was negligent, in that he failed to perform any one or more of the duties required of him by this instruction, and by reason of such negligence, if any there was upon his part, he so helped to cause or bring about the accident and injuries of which he complains, when but for such negligence, if any there was upon his part, said accident and injuries would not have occurred, then the law is for the defendant, Louisville Water Company, and you will so find, even though you should further believe from the evidence that the defendant, its agents and servants, or either of them, were also negligent, as set out in the first instruction.''

It is insisted that this instruction placed on plaintiff the absolute duty of ascertaining the depth of the water in the pool before diving, and, as the uncontradicted evidence shows that he did not do this, the verdict is contrary to the law, as declared by the court, and appellant is entitled to a new trial. The rule that the instructions are the law of the case, and that a verdict contrary to the instructions is contrary to law, is well settled. Lynch v. Snead Architectural Iron Works, 132 Ky. 241, 116 S. W. 693, 21 L. R. A. (N. S.) 852; St. Paul Fire & Marine Ins. Co., v. Kendle, 163 Ky. 146, 173 S. W. 373; Louisville & N. R. Co. v. Muncey, 229 Ky. 538, 17 S. W. (2d) 422. An examination of these and other cases will show that the instructions were direct and certain, and were susceptible of only one construction. To the end that we may ascertain the meaning of the instruction it may be written as follows:

"It was the duty of plaintiff, Richard Bowers, in diving into any portion of said swimming pool, to exercise ordinary care generally for his own safety, and this duty, (the duty to exercise ordinary care generally for his own safety), included the duty of ascertaining the depth of the water in said pool before diving.''

The predominant thought of the instruction is the duty to exercise ordinary care, and, though this thought is not aptly expressed, we think the instruction is fairly subject to the construction that the duty of ascertaining the depth of the water is not absolute, but is qualified

by the words, "to use ordinary care." That being true, we are not disposed to the view that the verdict is so clearly contrary to the instruction as to require a new trial.

Judgment affirmed.