## Waddel's Administrator v. Brashear et al.

(Decided Nov. 9, 1934.)

MAURICE D. BURTON for appellant.

CHARLES R. BELL, GEORGE W. MEUTH and R. C. P. THOMAS for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

On July 19, 1932, Fonis Waddel was one of 200 students of the Bowling Green Business University to go on an afternoon's outing to the amusement park and bathing beach operated on Barren river by the appellees, W. H. Brashear and others. Admission fees were paid for the party by the college. In diving from a swing over the water, Waddel's head struck the bottom of the river with such force that a vertebra of his neck was dislocated or fractured. This caused his death two days later. At the conclusion of the evidence introduced by his administrator in a suit for damages against the owners of the park, the court gave a peremptory instruction for the defendants. The appeal is from the judgment entered thereon.

The facilities of the beach consisted in part of springboards, an elevated platform on the bank, and a rope about ten feet long suspended from an overhanging branch of a tree. It was the practice of those enjoying the beach to climb upon the platform, seize the ring at the end of the rope and swinging out over the water to dive or drop from it. When the swing reached the end of the arc it was from twenty to twenty-five feet above the water and near the center of the river. At that point the water was only four to five feet deep. The other places in the swimming hole were more shallow. Nowhere was the water over Waddel's head. The bottom was gravel, and an experienced swimmer and diver testified that there was not enough water for diving at the place. There was no sign or warning of any kind as to the conditions, nor were there any life guards or other protective measures being taken. The petition charged that the death of young Waddel was due to the gross negligence of the defendants in maintaining and operating the park and holding it out to the public

as safe and suitable for swimming and diving. It particularly charged that the swing and the shallow water constituted a dangerous instrumentality. The defense was a traverse and a plea of contributory negligence.

It is the duty of one conducting an amusement park for profit to be reasonably sure that he is not inviting patrons into danger and to exercise ordinary care for their safety. While the standard of care remains the same, what constitutes its exercise necessarily varies with the situation and circumstances of each particular case. Regard must be had for the fair adaptability of the contrivances and facilities for their customary or reasonably anticipated use. This involves the duty of being diligent to see that water in a diving pool is of sufficient depth to make it reasonably safe for the purpose; or, if it be not safe for that sport with the use of the facilities furnished, there arises the duty to warn or caution patrons by signs or otherwise of the hazard, particularly of any latent or hidden condition of danger. Injuries sustained in consequence of a failure to perform this duty are compensable. Majestic Theater Co. v. Lutz, 210 Ky. 92, 275 S. W. 17; Park Circuit & Realty Company v. Coulter, 233 Ky. 1, 24 S. W. (2d) 942; Park Circuit & Realty Company v. Ringo's Guardian, 242 Ky. 255, 46 S. W. (2d) 106; Louisville Water Company v. Bowers, 251 Ky. 71, 64 S. W. (2d) 444; Notes, 22 A. L. R. 635, 38 A. L. R. 359, 61 A. L. R. 1295; 26 R. C. L. 714, 721; 62 C. J. 863, 868; Blanchette v. Union St. R. Co., 248 Mass. 407, 143 N. E. 310. The want of knowledge of an unsafe condition which by ordinary care might have been discovered will not excuse liability. 62 C. J. 865; Adams v. Schneider, 71 Ind. App. 249, 124 N. E. 718.

In Johnson v. Hot Springs Land & Improvement Company, 76 Or. 333, 148 P. 1137, 1139, L. R. A. 1915F, 689, a young man received fatal injuries when he dived from a springboard into shallow water of a public natatorium. We may well adopt this excellent statement of the law:

"Where a person, however, provides accommodations of a public nature, that person is required to use reasonable care and diligence in furnishing and maintaining such accommodations in a reasonably safe condition for the purpose for which they are apparently designed and to which they

are adapted. If for any reason the accommodations are not reasonably safe and suitable for the purposes for which they are ordinarily used in a customary way, then the public should be excluded entirely, or appropriate notice of the unsafe and unsuitable condition should be given, and persons warned of the dangers in using them. The springboard and the water beneath it constituted the accommodations which the defendant furnished to the deceased, who was a patron for hire, and, as such, was using them for diving purposes, to which they were adapted, and in the way in which they were customarily used. Persons patronizing the natatorium have a right to assume that the defendant has performed its duty, and that reasonably safe and suitable accommodations have been furnished. 38 Cyc. 268; Barrett v. Lake Ontario Beach Imp. Co., 174 N. Y. 310, 66 N. E. 968, 61 L. R. A. 829 [14 Am. Neg. Rep. 144]. If by reason of the shallowness of the water springboard and the water beneath it were not reasonably safe for diving, then it was the duty of defendant to warn Arthur Johnson of the unsafe condition in order that he might be made aware of the danger; and therefore, if defendant failed to perform its duty, it was guilty of negligence which would be actionable if proximately causing the injury, unless the deceased was himself chargeable with contributory negligence.''

In Louisville Water Company v. Bowers, supra, we had a similar case and sustained a verdict for personal injuries received in diving into a shallow pool. See, also, 26 R. C. L. 722, and notes, 22 A. L. R. 640; 38 A. L. R. 358, in which are digested cases where the resorts were bathing beaches at natural bodies of water rather than artificial pools, to which most of the cases relate. It must not be overlooked that the defendants here had provided the swing which it knew would call for a high dive or plunge and consequently require a greater depth of water than would an ordinary springboard of slight elevation. This combination was held out to the public as being reasonably safe for the uses to which it might rightly be devoted, but the record tends to show it was not.

There is really little contention that the evidence was not sufficient to take the case to the jury on the

issue of the defendants' negligence. The line of conflict narrows to the point of whether the evidence introduced to sustain the plaintiff's cause did not also establish contributory negligence as a matter of law. We, therefore, look to the reciprocal duty of the deceased. While a patron of a public bathing resort has the right to rely upon the assumption that the proprietor has discharged his duty and provided a place that is reasonably safe for the use invited and is not required to make critical inspection to assure himself that it is safe, he is not relieved of the duty to exercise ordinary care both to avoid known or appreciated dangers and to discover conditions of danger to which he might become exposed. Park Circuit & Realty Company v. Ringo's Guardian, supra; 62 C. J. 875. Specifically, the question is whether the evidence disclosed that Waddel knew, or by the exercise of ordinary care could have known, of the hazardous conditions even though there was no warning sign or express notice given him of the shallowness of the water. If he had knowledge of it and of the danger incident to diving from the rope at such height, then he knew all and no less than he could have known had the defendants expressly warned him of the risk. If they had in fact cautioned Waddel against the peril and notwithstanding such warning he had dived from the swing, then on the facts presented the defendants would not be liable because of the knowledge imparted to him. So, too, the same result follows if Waddel did in fact know of the danger even though not told of it. If with the knowledge of the danger he placed himself in peril and on account thereof was injured, he was chargeable with contributory negligence, for where one voluntarily subjects himself to a peril known to him or generally observable by a person of ordinary prudence in his situation, he cannot recover damages sustained thereby. Magruder v. Columbia Amusement Company, 218 Ky. 761, 292 S. W. 341; Louisville Water Company v. Bowers, supra; Johnson v. Hot Springs Land & Improvement Company, supra.

The young man had visited the park two or three times during the summer, the last time about a week before his fatal accident. A companion on these occasions testified that, though he swam about, he did not use the springboard or swing at that point. However, others were doing so in his presence. He did not

wade nor did his companions see any one else wading or doing anything at that particular point by which the depth of the water might have been gauged. There was evidence that on the day of the accident the water was at a lower stage than it had been on the previous occasions when Waddel was there. Many persons were using the swing and diving from the several devices on that day, but they would swim and not wade back to the shore. Those wading in such way as to disclose the depth of the water were at other places. It was late in the afternoon when the unfortunate young man for the first time tried out the swing, and just before pushing out from the platform on the fatal move he said he was going to do it just once.

We cannot view this evidence in the light most favorable to plaintiff as being of such a character as to show that the deceased was chargeable as a matter of law with knowledge of the shallow depth of the water or the dangerous condition. It was not developed that he was ever in the water at that particular place, nor that he actually or probably saw any one wading at the point or anything else that should have put him upon notice of the hazardous condition. It seems to us that the facts upon the issue of negligence of the defendant and the of plaintiff's intestate were such as required a submission of the case to the jury. No other question is decided.

Wherefore, the judgment is reversed.