[Civ. No. 11944. Second Appellate District, Division Two.—December 2, 1938.]

WALTER GATES, Respondent, v. JAMES GAUTIER et al., Appellants.

C. A. Pinkham for Appellants.

William Empey, Jr., and Le Roy Anderson for Respondent.

WOOD, J.—This appeal is prosecuted from a judgment in the sum of $1250 in plaintiff's favor in an action to re-

cover damages for injuries suffered by plaintiff when he dived from the bank of a lake in a public resort owned and operated by defendant.

The resort in question is known as "Pop's Willow Lake", near Roscoe in Los Angeles County. The public were charged admission fees for the purposes of bathing and boating. On the afternoon of July 3, 1937, plaintiff visited the resort, paid the regular admission fee and began swimming in the lake. The north end of the lake was generally known as the deep water part of the lake. Defendant had erected two diving boards at the north end of the lake and a diving raft had been placed in the vicinity of the diving boards. At one of the diving boards a sign had been placed showing the depth of the water to be eleven feet. Plaintiff dived from the bank on the north end of the lake at a point some fifty or sixty feet from the sign. At the point from which he dived no sign had been placed to indicate the depth of the water. The bottom of the lake at this point was invisible and the depth there was only four or four and one-half feet at a distance of five feet from the edge of the water. Defendant had permitted "rough and jagged" rocks to remain on the bottom of the lake and when plaintiff dived his head struck upon these rocks. Plaintiff received a deep laceration on his forehead at the hair line. At the time of the trial eight months later a scar still remained. Plaintiff's neck was sprained and he received lacerations on the right elbow.

Defendant contends that plaintiff was guilty of contributory negligence as a matter of law. There is no merit in this contention. It was the duty of defendant to use reasonable care for the safety of his patrons in view of the use of the premises that might reasonably be anticipated. Plaintiff as a patron of the bathing resort had the right to assume that defendant had discharged his duty and had provided a place which was reasonably safe. He was not required to make a critical inspection. (*Waddel* v. *Brashear,* 257 Ky. 390 [78 S. W. (2d) 31, 98 A. L. R. 553].) It was the duty of the trial court to determine whether plaintiff exercised ordinary care for his own safety when he dived from the point in question. The finding of the trial court on this issue is adverse to defendant and is binding upon the reviewing court.

It is contended that the amount of the judgment is excessive. Reviewing courts are too frequently asked to substitute their views on the amount of damages for those of the trial courts and juries in actions involving personal injuries, resulting in many cases in the expensive waste of much of the courts' time in disposing of meritless contentions. The present action was tried before the court without a jury. It is provided in section 657, subdivision 5, of the Code of Civil Procedure that a verdict or other decision may be vacated and a new trial granted on account of "excessive damages appearing to have been given under the influence of passion or prejudice". There is not the slightest indication that the judgment under review was influenced by passion or prejudice. Moreover, defendant did not make a motion for a new trial. It has been held that the issue of excessive damages may not be urged for the first time on appeal. (20 Cal. Jur., p. 100, and cases there cited.)

The judgment is affirmed.

Crail, P. J., and McComb, J., concurred.