No. 37,432

SAMUEL VUKAS, by his next friend, Millie Vukas, *Appellee*, v. QUI-
VIRA, INCORPORATED, *Appellant*.

(201 P. 2d 685)

Opinion filed January 22, 1949.

*Leonard O. Thomas,* of Kansas City, argued the cause, and *Arthur J. Stan-
ley, Arthur J. Stanley, Jr., J. E. Schroeder* and *Lee E. Weeks,* all of Kansas
City, were with him on the briefs for the appellant.

*James K. Cubbison,* of Kansas City, argued the cause, and *Blake A. Wil-
liamson* and *Lee Vaughan,* both of Kansas City, were with him on the briefs
for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for injuries alleged to have been
sustained when plaintiff dived into shallow water at a bathing beach
maintained by defendant. Judgment was for plaintiff and defend-
ant appeals.

The action was brought by plaintiff through his mother as next
friend.

The petition alleged that defendant was a corporation and owned
and operated a clubhouse and bathing beach; that plaintiff paid
fifty cents to defendant and was admitted to the bathing beach one

evening and in diving from a platform, maintained there, struck the bottom of the lake and was injured. The petition alleged that the negligence of the defendant which caused his injuries consisted in holding the beach out as a safe place to swim and dive, maintaining the platform above shallow water, failing to provide a railing along the platform, failing to provide signs warning the public against diving from the platform into shallow water, failing to provide a sign indicating the shallowness of the water at that place; that the life guards stationed there failed to warn plaintiff the water was too shallow for diving and permitting moss to grow beneath the surface of the water so that it had the appearance of being deeper than it actually was. Judgment was asked for $10,000.

Defendant answered admitting that it maintained a bathing beach and that plaintiff might have been injured as alleged but denied it had any information upon which to state whether or not the injury was serious and admitted that it maintained a platform without railings at a place where the water was only three or four feet deep.

The answer denied that the beach facilities, platform, condition of the lake, or the guards or employees or their acts or omissions were the cause of plaintiff's injuries and denied the allegations that the premises were not reasonably safe; and that defendant was negligent in failing to provide a handrail along the platform and that it failed to designate places to swim and dive. The answer then contained a general denial and then allegations that plaintiff's injuries were caused by his negligence in that he failed to observe signs and rules posted, he dived in prohibited zones, failed to exercise ordinary care in diving into water he should have known was shallow, in failing to conduct himself for his own protection, diving from a platform not intended for diving, failing to observe dangers well known to him, and engaging in horseplay. As a further defense, the answer alleged that conditions as they existed were obvious and fully known to plaintiff and plaintiff well knowing the danger chose to dive at that particular place and assumed the risk of diving there.

The reply was a general denial. At the close of the plaintiff's evidence defendant demurred to it on the ground it did not sustain plaintiff's petition. As the close of all the evidence, defendant filed a motion for an instructed verdict in its favor. The demurrer and the motion for an instructed verdict were both overruled.

The jury returned a general verdict for plaintiff and answered special questions, as follows:

"Special Questions Submitted by the Court

"(Filed Mar. 24, 1948)

"1. Had plaintiff been swimming at Quivira prior to the date of the accident? A. Yes.

"2. If you answer Question No. 1 in the affirmative, state whether or not he was familiar with the slope of the beach from the shore line to the east boundary of the 'T' boardwalk? A. No.

"3. Did plaintiff conduct himself, at the time and place in question, as an ordinarily prudent person would or should have conducted himself? A. Yes.

"4. If you find for the plaintiff, then state what was the proximate cause of the injuries plaintiff sustained. A. By diving in shallow water.

"5. Did defendant provide railing along the sides of the elevated platform or board walk from which plaintiff dived opposite where said water thereunder was shallow and unsafe for diving? A. No.

"6. Did defendant provide signs or warnings to the plaintiff against danger of diving from said platform or board walk at the place where plaintiff dived? A. No.

"7. Did defendant provide a sign or gauge informing plaintiff of the depth of the water, especially at the point, or in the immediate vicinity where plaintiff dived? A. No.

"8. Did the lifeguards of defendant, or any other employee of the defendant, warn plaintiff that the water at the said place was too shallow for diving purposes? A. No.

"9. Did defendant permit moss and vegetation to be suspended below the surface of the water of said lake and to be located at the place where plaintiff dived, which gave the water the appearance or color associated with and indicating depth of water suitable for diving purposes? A. Yes.

"10. If you answer Question No. 9 in the affirmative, state whether defendant warned the plaintiff of the presence of said moss and that the same tended to camouflage the shallowness of the water thereat? A. No."

The defendant filed a motion for judgment on the jury's answer to question number 4, a motion to set aside the answers to questions and a motion for a new trial on ten different grounds. These motions were all overruled and judgment was rendered on the general verdict. Hence this appeal.

The defendant argues its demurrer to plaintiff's evidence and its motion for a directed verdict should have been sustained, first because there was no substantial evidence that it breached any duty owed plaintiff, and second that the uncontradicted evidence showed that plaintiff was guilty of contributory negligence so as to bar his right of recovery.

This argument sends us to an examination of the testimony. We

are left in no doubt as to many of the physical features. The facilities in question used by plaintiff and his friends are at the east end of the lake where the clubhouse is located. At the extreme east end the water is only about three or four feet deep for about one hundred feet from the shore, this is referred to as the beach, from the shore a board walk extends out over the water into the lake a distance of about two hundred feet to a diving tower where the water is deep. There is a spot on the shore close to the clubhouse from which one may swim directly to the diving tower without using the walk. Plaintiff had gone out to the tower in that manner when he entered the lake. After he and his friends had swum and dived out there a while he missed them and went to the clubhouse to look for them. He was on the beach a short time and started back to the diving tower but this time he used the board walk. When he was about a third of the way to the diving tower he saw one of his young man friends and a girl in water about up to their necks and about thirty-five feet from the shore. Upon seeing them he dived in.

"Q. What if anything happened? A. When I dove in I hit the bottom, and when I hit the bottom I jumped back up and fell backwards.

"Q. Did you go in head first or feet first? A. Head first.

"Q. Did you place your hands out in front of you as is customary, and jump in? A. Yes, sir."

On the argument there was no evidence that a breach of duty by defendant was the proximate cause of plaintiff's injury we shall first consider what duty defendant owed plaintiff. The defendant was not the insurer of plaintiff's safety but was bound to use reasonable care under the circumstances and to provide appliances reasonably fitted for the purpose for which they were to be used. (See *Waddel's Administrator v. Brashear*, 257 Ky. 390, 78 S. W. 2d 31; also, 98 A. L. R. 557 and note.) The breach of duty toward plaintiff, upon which he relies, is failure to have signs along the walk advising of the shallowness of the water or warning patrons not to dive from it. In its brief defendant asks why they should post signs along this walk and argues that diving from it was not reasonably to be anticipated. The basis of that argument is that the area of the lake over which the walk extended and into which plaintiff dived had been designated by stretching a rope out into the lake so that children and adults unable to swim would know it was safe to wade there, coupled with the fact that the diving board and tower were furnished for the express purpose of diving and were so designated. There was conflicting testimony about how familiar plaintiff

was with this feature of the lake. That was a question for the jury. There was also some evidence that moss in the water there by the walk concealed or made it difficult for one not entirely familiar with the lake to tell how deep it was. Defendant is charged with that knowledge. Under all the circumstances, we cannot hold as a matter of law that in maintaining this walk over a considerable part of the lake without warning signs as to the shallowness, the defendant furnished a reasonably safe place for plaintiff. A reasonable conclusion from the fact that the walk was there would be that it was an invitation to plaintiff to dive from it.

Defendant next argues that plaintiff was guilty of contributory negligence and voluntarily assumed the risk sustained by diving where he did and hence is barred from recovery. On this defendant states that plaintiff was a good swimmer who knew or in the exercise of the slightest care should have known the approximate depth of the water where he dived and by diving under those circumstances failed to exercise the slightest care for his own safety.

In the first place, as has already been noted here, the evidence is conflicting as to how well the plaintiff was acquainted with this feature of the lake. There was also testimony that moss was growing in the water by the walk so as to conceal the actual depth of the water or at least cause it to appear deeper than it actually was. He looked out over the lake and not far from where he was he saw two people apparently standing in water up to their necks. Events proved that these people were actually on their knees but plaintiff could not see that from where he dived. The jury under proper instruction found in answer to a special question that plaintiff conducted himself as an ordinarily prudent person would have. In the absence of any signs warning him not to dive from the walk or advising him as to the shallowness of the water at the place in question the matter of whether he was negligent was for the jury.

Defendant next argues that the trial court erred in overruling its motion for judgment on the answer to special question number 4. That question and answer was as follows:

"4. If you find for the plaintiff, then state what was the proximate cause of the injuries plaintiff sustained. A. By diving in shallow water."

In this connection defendant points out the jury was instructed that in order for plaintiff to recover he must prove that some negligence of the defendant was the proximate cause of his injuries. Defendant points out that the dive was plaintiff's own act and no one

even claims that defendant was negligent in not having the water deeper where plaintiff dived. The only negligence claimed being lack of warning signs. We must examine the verdict and all the answers to all the special questions and harmonize them, if possible. The general verdict imparts a favorable finding upon all issues not inconsistent with the answers to special questions. (See *Jilka v. National Mutual Cas. Co.*, 152 Kan. 537, 106 P. 2d 665.) The jury in answer to other questions found there was no railing along the walk, no signs warning against diving from the walk, or of the shallowness of the water and that moss was permitted to grow near the walk and thus conceal the actual depth of the water. All these acts and omissions were charged in the petition as negligence on the part of defendant.

Finding No. 4 does not refer to any negligence. The jury was not asked to find if the defendant was negligent of what the negligence consisted. The finding is not inconsistent with the rest of the findings and the general verdict. Naturally the plaintiff would not have been hurt if he had not dived into the shallow water. The cause of his so diving, however, as found by the jury by its general verdict and its answers to special questions, was negligence of the defendant. The trial court did not err in overruling the motion of defendant for judgment on the answer to special question No. 4.

The defendant next argues that it was reversible error for the trial court to overrule its objections to the submitting to the jury of special questions 5, 6, 7 and 8 on the ground that no issue was raised as to the issues of fact thus submitted. It will be remembered these questions asked the jury to find whether there was a railing along the walk, whether there were warning signs along the walk against diving and showing the depth and whether defendant's life guards warned plaintiff that the water was too shallow for diving. Defendant argues that submission of these questions was prejudicial error because they must be answered in the negative and left the impression with the jury it was the jury's duty to find for plaintiff. We conclude that the submission of these questions even if it should be held error was not under all the surrounding facts and circumstances prejudicial.

The judgment of the trial court is affirmed.

THIELE and PRICE, JJ., dissent.

WEDELL, J. (concurring): The real purpose and function of special questions is to have the jury resolve specific, material controverted issues of fact. Where such facts are not in dispute the stated purpose does not obtain and special questions concerning them should not be submitted to the jury.

In my opinion it was error to submit special questions touching uncontroverted issues in this case. The learned trial court probably reached the same conclusion on the argument of the motion for a new trial. Did it necessarily follow the court was compelled to grant a new trial? Not unless it also believed the error prejudicially affected the substantial rights of the defendant. The trial court must have concluded it did not. It knew exactly how those facts had been argued to the jury, a fact we do not absolutely know. It is, however, almost unbelievable that able counsel for defendant did not frankly state to the jury that the proper answers to those questions were admitted by it and that the court, in effect, was instructing the jury that notwithstanding such admissions the question of defendant's negligence nevertheless remained one for the determination of the jury. Under these particular circumstances I think it would be rather robust to conclude the error was prejudicial and that the court abused sound judicial discretion in overruling the motion for a new trial on that ground.