Robert BOLL, Respondent,

v.

SPRING LAKE PARK, INC., Appellant.

No. 48738.

Supreme Court of Missouri,

Division No. 2.

July 16, 1962.

Morris A. Shenker, Murry L. Randall, Bernard J. Mellman, St. Louis, for appellant.

James F. Koester, St. Louis, for respondent.

STOCKARD, Commissioner.

Defendant has appealed from a judgment in the amount of $75,000 for injuries sustained by plaintiff when he dived into shallow water at a swimming pool. In addition to challenging two of plaintiff's instructions, defendant contends that plaintiff was contributorily negligent as a matter of law. We shall refer to the parties as in the trial court.

Defendant was the owner of Spring Lake Park which it operated as a recreation area. On June 18, 1953, plaintiff, who was then 21 years of age, and his girl friend went to the park, paid the admission fee of sixty cents each, and were admitted to the grounds. After playing tennis for awhile plaintiff and his friend changed to swimming attire and went to the swimming pool. The pool was about 200 feet in length and somewhat oval in shape. It had vertical concrete sides with a concrete walk around it, but it had a "natural earth bottom" which was "filled with sand" from three to four inches. A photograph of the pool taken when empty indicates that the bottom would be quite muddy when water was in it. At one end of the pool there was a diving board, and the depth of the pool at the area where a diver from the board would enter the water was 9 to 10 feet. However, this deep area did not extend across the entire end of the pool where the diving board was located, and near the sides of the pool the water was not nearly so deep. A rope, apparently buoyed in some manner, was stretched across the pool about 50 to 55 feet from the diving board. Plaintiff walked around the pool to a point which was between the rope and the diving board and was about ten to fifteen feet farther down the pool from the end of the diving board. The water in the pool was "like a muddy lake" and it was "at least as dark as coffee." Plaintiff could not see the bottom. No one was in the pool at the time and no lifeguard was on duty. Plaintiff testified that he looked for depth markings but saw none. Although there was a sharp dispute in the evidence of plaintiff and defendant on the issue, the jury was authorized to find, if it believed the evidence of plaintiff and disbelieved that of defendant, that there were no markings or signs at the pool indicating the depth of the water. Plaintiff received no oral warnings as to the depth of the water. He threw a rubber inner tube into the water two or three feet from the edge of the pool and then dived "straight down"

through the tube. At that place the water was approximately three feet in depth, and he struck the bottom of the pool with his head. His neck was broken resulting in permanent paralysis from the shoulders down through his body.

Plaintiff was an experienced diver and he had had considerable experience over a period of approximately nine years around water and swimming pools. He admitted that he knew "it would be dangerous to dive in three feet of water straight down." The occasion on which plaintiff was injured was the first time he had been to the pool that "season," and the evidence indicates that he had not been in the pool in previous years, but this is not entirely clear.

Plaintiff submitted his case to the jury on the alleged negligence of defendant in failing to warn him of the danger of diving in the pool at the place he did when the water was in such a dirty and unclear condition that he could not see the bottom of the pool. While the defendant does not contend on this appeal that plaintiff's evidence did not present a submissible case as to defendant's negligence, a review of the duties of defendant as the operator of a recreation area is helpful in ruling on the contention of defendant that plaintiff was contributorily negligent as a matter of law.

■ Defendant maintained and operated the pool for use by the public upon the payment of an admission fee. It was designed for use and was in fact used for both swimming and diving. While defendant was not the insurer of the safety of plaintiff, Perkins v. Byrnes, 364 Mo. 849, 269 S.W.2d 52, 48 A.L.R.2d 97; Vukas v. Quivira, Inc., 166 Kan. 439, 201 P.2d 685, 688; 52 Am.Jur. Theaters, Shows, Exhibitions, and Public Resorts § 47, it was bound to use reasonable care in furnishing and maintaining its accommodations for the purpose for which they were apparently designed and to which they were adapted. Waddel's Adm'r v. Brashear, 257 Ky. 390, 78 S.W.2d 31, 98 A.L.R. 553; Vukas v.

Quivira, Inc., supra; Lake Brady Co. v. Krutel, 123 Ohio St. 570, 176 N.E. 226, Blanchette v. Union St. Ry. Co., 248 Mass. 407, 143 N.E. 310; Johnson v. Hot Springs Land & Improvement Co., 76 Or. 333, 148 P. 1137, L.R.A.1915F, 689; Cleary v. Indiana Beach, Inc., 7 Cir., 275 F.2d 543; 52 Am.Jur. Theaters, Shows, Exhibitions, and Public Resorts § 71; Hughes v. St. Louis Nat. League Baseball Club, Inc., 359 Mo. 993, 224 S.W.2d 989, 16 A.L.R.2d 904; Annotations 22 A.L.R. 610 and 48 A.L.R.2d 104. While the standard of care remains the same, what constitutes its exercise necessarily varies with the situation and attending circumstances, or "with the particular conditions and circumstances involved in the given case," Berberet v. Electric Park Amusement Co., 319 Mo. 275, 3 S.W.2d 1025, 1029, 61 A.L.R. 1269, and in the case of a diving pool this "involves the duty of being diligent to see that water in a diving pool is of sufficient depth to make it reasonably safe for the purpose; or, if it be not safe for that sport with the use of the facilities furnished, there arises the duty to warn or caution patrons by signs or otherwise of the hazard, particularly of any latent or hidden condition of danger." Waddel's Adm'r v. Brashear, supra [78 S.W.2d at p. 31, 32, 33]. See also Perkins v. Byrnes, supra; Blanchette v. Union Street Railway, 248 Mass. 407, 143 N.E. 310; Louisville Water Co. v. Bowers, 251 Ky. 71, 64 S.W.2d 444; Johnson v. Hot Springs Land & Improvement Co., supra, Grove v. D'Allessandro, 39 Wash.2d 421, 235 P.2d 826; Annotation 48 A.L.R.2d 126, 129, 131.

■ We shall now look to the reciprocal duty of a patron of a recreation area. A patron of a public swimming pool operated for profit has a right to rely upon the assumption that the proprietor has discharged his duty and provided a place that is reasonably safe for the use invited. Waddel's Adm'r v. Brashear, supra; Johnson v. Hot Springs Land & Improvement Co., supra; Annotation 48 A.L.R.2d at p. 118. He is not

required to make a critical inspection to assure himself that it is safe. Waddel's Adm'r. v. Brashear, supra; Louisville Water Co. v. Bowers, 251 Ky. 71, 64 S.W.2d 444; Gates v. Gautier, 29 Cal.App.2d 524, 85 P.2d 141. See also Hughes v. St. Louis Nat. League Baseball Club, Inc., supra. However, he has the duty to exercise ordinary care to avoid known or appreciated dangers and also has the duty to discover conditions of danger which a prudent person in the exercise of ordinary care under the attending circumstances would discover. Waddel's Adm'r v. Brashear, supra. There is no question but that plaintiff did not know the water at the place he dived was only three feet deep. Therefore, while he knew of the danger of diving in three feet of water, he did not have knowledge of the dangerous condition at the place he made his dive. The precise issue thus presented is whether it can be said under all the attending circumstances that as a matter of law plaintiff was negligent in not discovering the dangerous condition, that is, in not discovering that the muddy water was only three feet in depth.

■■ The pool was approximately 200 feet in length and one fourth of it was set apart from the rest by a rope stretched across the pool. A person reasonably could infer that the portion so set apart was designed for diving as evidenced by the presence of the diving board, and the defendant knew or should have known that in an area so set apart, at least when there were no warning signs, patrons would dive from the sides of the pool as well as from a springboard. Plaintiff apparently was not familiar with the underwater physical features of the pool and could not, because of the muddy water, see the bottom of the pool, but he was not required to make a critical examination of the facilities, and he was entitled to rely to a certain extent that defendant would not invite him to use a dangerous facility. We are of the opinion that a jury could have found from the facts and attending circumstances that plaintiff was contributorily negligent. In other words, under the evidence defendant was entitled to an instruction on contributory negligence,

and such an instruction was given at its request. However, when the evidence favorable to plaintiff is taken as true and all legitimate inferences deducible therefrom are viewed in the light most favorable to plaintiff, as we must do in determining the issue of plaintiff's contributory negligence as a matter of law, we cannot say that the legal effect of the evidence is such that negligence on the part of plaintiff is the only reasonable conclusion which could be drawn therefrom.

Defendant cites and relies on several Missouri cases in which contributory negligence as a matter of law was found to exist. We do not disagree with those cases, but the factual situation in each makes them distinguishable. McFarland v. Grau, Mo. App., 305 S.W.2d 91, was a drowning case in which a boy fourteen years of age with known limitations as a swimmer attempted to swim across a lake where he knew the water was deep after telling his companions that he "couldn't make it." In Turner v. City of Moberly, 224 Mo.App. 683, 26 S.W.2d 997, another drowning case, a fourteen-year-old non-swimmer, who had been warned to stay away from a lake, swung on a rope over known deep water and fell in. McGee v. Wabash R. Co., 214 Mo. 530, 114 S.W. 33, involved a boy thirteen years of age who walked in front of an approaching train which was in clear and open view. Van Alst v. Kansas City, 239 Mo. App. 346, 186 S.W.2d 762, was another drowning case, but in a pond not designed for swimming. The suit was based on the attractive nuisance doctrine. A boy fourteen years of age who had been forbidden to swim in the pond dived in and was drowned. There was no latent or concealed dangerous condition. In addition, to the above cases defendant cites Perkins v. Byrnes, 364 Mo. 849, 269 S.W.2d 52, 48 A.L.R.2d 97. This also was a drowning case, but the court there expressly held that the issue of contributory negligence was for the jury. The remaining cited case, Richardson v. Ritter, 197 N.C. 108, 147 S.E. 676, is somewhat similar to the pending case on its facts, but apparently in that case the water was not muddy although that is not certain from the rather short and tersely

stated opinion. In such event the danger would have been readily apparent to the diver upon only a casual view, and if the facts are otherwise we do not consider that this case does or should represent the majority view.

This is not a case where plaintiff voluntarily exposed himself to the risk of injury from a known dangerous condition, as in Johnson v. Hot Springs Land & Improvement Co., supra [76 Or. 333, 148 P. 1137, L.R.A.1915F, 689]. Neither is it a case where a casual observation on the part of the plaintiff would have revealed the dangerous condition, as in Ryan v. Unity, Inc., Fla., 55 So.2d 117; Day v. Trion Co., 56 Ga.App. 1, 192 S.E. 88; and Stungis v. Wavecrest Realty Co., 124 Neb. 769, 248 N.W. 78. We necessarily conclude that whether plaintiff was contributorily negligent under all the attending circumstances was a jury question, and the trial court did not err in denying defendant's motion for a directed verdict.

Defendant challenges Instruction No. 3 given at the request of plaintiff. For a better understanding of the contention we shall set forth Instruction No. 3 and the substance of Instructions No. 1, 2 and 5. Instruction No. 1, plaintiff's verdict-directing instruction, hypothesized certain facts concerning the physical characteristics of the pool, that plaintiff could not see the bottom of the pool because of the muddy water, and that the depth of the water was unknown to plaintiff but the danger was known to defendant. It then submitted as negligence the failure of defendant to warn plaintiff, and it required a finding by the jury "that plaintiff in the exercise of ordinary care for his own safety, could not have discovered the danger of diving in the said area, and was not negligent as submitted to you in other instructions." At the request of defendant the trial court gave Instruction No. 2 that "the burden of proof rests upon the plaintiff to prove his case by a preponderance or greater weight of the credible evidence, and unless he has done so your ver-

dict will be in favor of the defendant." Instruction No. 3, given at plaintiff's request and apparently as a counter-instruction to Instruction No. 2, was as follows: "The court instructs the jury that if you find and believe from the greater weight of the credible evidence the facts to be as submitted to you in Instruction No. 1, then the plaintiff has [met] and carried the burden of proof as required of him under the law and instructions herein." Defendant now asserts prejudicial error resulted from Instruction No. 3 because it "emphasized plaintiff's evidence and was inconsistent with and defeated the effect of Instruction No. 5 on the issue of contributory negligence." Instruction No. 5 submitted that if the jury found that plaintiff came on the premises when it was daylight and visibility was good, that he elected to enter the pool by diving from the wall where no provision was made for diving and where there was a clearly visible notice or sign reading "Shallow 2 feet" which plaintiff saw or should have seen, that plaintiff was sufficiently mature to appreciate the danger and failed to exercise ordinary care, then the jury should find for defendant.

■■■ Instruction No. 3 was a cautionary instruction, and generally speaking whether such an instruction is to be given is a matter within the discretion of the trial court. Baccalo v. Nicolosi, Mo., 332 S.W.2d 854; Boedeker v. Wright, Mo., 312 S.W.2d 829. Unless it states an incorrect or inapplicable rule of law, or constitutes an abuse of discretion, an appellate court will not hold such an instruction to constitute prejudicial error. Morris v. E. I. Du Pont De Nemours & Co., 351 Mo. 479, 173 S.W.2d 39, 42. When we analyze these instructions we find that Instruction No. 1 told the jury what facts it had to find to authorize a verdict for plaintiff unless it found that plaintiff was negligent as submitted in other instructions, and this necessarily referred to Instruction No. 5, the only other instruction on the subject. Instruction No. 2 told the jury that the plaintiff had the "burden of proof" to "prove his case" by a preponder-

ance or greater weight of the credible evidence. Instruction No. 3 then told the jury that if it found from "the greater weight of the credible evidence," that is, all of the credible evidence and not just that in favor of plaintiff, "the facts" to be as submitted in Instruction No. 1, which included the fact that plaintiff was not contributorily negligent as submitted in Instruction No. 5, but of which defendant had the burden of proof, then plaintiff had met the burden of proof required of him. This was a correct statement of the applicable law, and we do not see how Instruction No. 3 emphasized plaintiff's evidence any more than defendant's evidence. It certainly was not inconsistent with Instruction No. 5.

◼ Defendant cites several cases, such as Thompson v Gipson, Mo., 277 S.W.2d 527, to the effect that it is error to give inconsistent or conflicting instructions, and of course we agree. Such cases do not control the situation here. Defendant also cites Knipp v. Mankin, Mo., 336 S.W.2d 371, but there the instruction was different from Instruction No. 3 in several respects, the most important of which was that it told the jury that plaintiff had met the burden of proof if the jury found "from the credible evidence in favor of plaintiff" the facts to be as submitted in plaintiff's verdict-directing instruction. We doubt that Instruction No. 3 in this case told the jury anything a reasonably intelligent jury did not already know or would understand from the other instructions. It was not a misdirection, and we see no basis for the contention that it was prejudicial to defendant.

◼ Defendant next challenges Instruction No. 1, plaintiff's verdict-directing instruction, and asserts that it "conflicted with the instruction submitting the defendant's defense of contributory negligence." We experience some difficulty in ascertaining the alleged conflict. Defendant asserts in its argument that Instruction No. 1 "did not properly negate the issue of contributory negligence and was inconsistent with Instruction No. 5" for the reason, if we correctly understand the argument, that it "attempted to negate the issue of contributory negligence merely by requiring a finding that the plaintiff could not have discovered the danger of diving in the area and was not otherwise negligent." In this manner, defendant says, the instruction "minimized the defendant's theory of the case set out in Instruction No. 5 on the issue of contributory negligence" and "really failed to require the jury to consider the issues of contributory negligence raised by both the plaintiff's and the defendant's evidence" and "told the jury to consider only the evidence favorable to the plaintiff."

◼ By the submission in plaintiff's Instruction No. 1 that "if you further find that plaintiff, in the exercise of ordinary care for his own safety, could not have discovered the danger of diving in the said area" plaintiff assumed a burden not required of him. This was the negative of a basis for finding contributory negligence on the part of plaintiff. Whether plaintiff could or should have discovered the danger of diving in the area in the absence of any notices or signs was not submitted to the jury as a basis for finding him contributorily negligent. Therefore, plaintiff was not required to refer to that possible submission of contributory negligence or negative it in his verdict-directing instruction. Shepard v. Harris, Mo., 329 S.W.2d 1, 7. It was necessary for plaintiff "to refer to or negative" the submitted contributory negligence. Moore v. Ready Mixed Concrete Company, Mo., 329 S.W.2d 14, 24. The required finding in Instruction No. 1 that "if you further find that plaintiff * * * was not negligent as submitted to you in other instructions" was sufficient "to refer to or negative" the submission of contributory negligence which was made in Instruction No. 5. See Van Buskirk v. Missouri-Kansas-Texas Railroad Co., Mo., 349 S.W.2d 68, 73; Martin v. Kansas City, Missouri, Mo., 340 S.W. 2d 645, 649–650; Taylor v. Hitt, Mo.App., 342 S.W.2d 489, 498. The unnecessary phrase in Instruction No. 1 did not conflict with Instruction No. 5, and we find it dif-

ficult to see how its inclusion in the instruction could have been prejudicial to defendant. We cannot follow defendant's argument that by including the phrase the court failed to require the jury to consider the issues of contributory negligence and told the jury to consider only the evidence favorable to plaintiff. That argument to us is a non sequitur.

Defendant next asserts that Instruction No. 1 was erroneous because there was no evidence warranting a finding that one in the exercise of ordinary care "could not have discovered the depth of the water," and also because it did not negative plaintiff's knowledge of the danger. We shall first dispose of the latter contention.

The instruction required the jury to find that the water was so dirty and unclean that it "prevented plaintiff from seeing the bottom of the pool," and that "said depth [of approximately three feet] was unknown to plaintiff prior to his dive." The dangerous condition consisted of muddy water only three feet in depth in a diving area. Nothing further is necessary to demonstrate that Instruction No. 1 did negative knowledge on the part of plaintiff of the dangerous condition.

As to the objection that there was no evidence that one in the exercise of ordinary care could not have discovered the depth of the water, we note that the submission which was actually made was that "plaintiff, in the exercise of ordinary care for his own safety, could not have discovered the danger of diving in the area." We previously have stated that the phrase submitting this issue was surplusage to plaintiff's submission. In addition, it was submitted in the conjunctive, and the fact, assuming it to be so, that there was no evidence to support it would not result in the instruction being prejudicially erroneous. Belisle v. Wilson, Mo., 313 S.W.2d 11. But, in any event, we think it was supported by evidence. The water was muddy and plaintiff

could not see the bottom, but he was at a place which one reasonably could assume from the physical characteristics had been set aside for diving. From this evidence it would have been for the jury to determine, at least if the issue had been submitted as a defense by the defendant, whether in the exercise of ordinary care plaintiff could or should have discovered the danger of diving in the area. From the same evidence it would have been for the jury to determine whether he could not have discovered the danger in the exercise of ordinary care.

Defendant also argues that the above phrase, which it asserts was without evidentiary support, "did not properly submit the issue of plaintiff's contributory negligence," and that "the jury was not told [in plaintiff's verdict-directing instruction] that plaintiff's failure to observe and determine the condition could prevent recovery." We assume defendant means "negligent" failure to observe. Of course, plaintiff had no duty to "submit the issue" of his contributory negligence. He had only the duty "to refer to or negative" it in his verdict-directing instruction when it was submitted in other instructions, and we have held that he adequately did so.

Defendant next contends that Instruction No. 1 "unduly and improperly made reference to the corporate status of the defendant." The instruction is somewhat lengthy, but in five places therein the defendant is referred to as "defendant corporation" and in one place as "the defendant Spring Lake Park, Incorporated." We note that in Instruction No. 5, which was requested by defendant, reference is there made to "the defendant, Spring Lake Park, Inc."

The defendant is a corporation and that fact was clearly brought out by the evidence. The reference in the instruction to defendant as a corporation told the jury nothing that was not true, and nothing that

a reasonably intelligent juror would not have readily known and understood from the evidence. The reference to the corporate status was not made in an inflammatory or argumentative setting. While the instruction, by unnecessary repetition singled out a particular fact, there was no direction or even a suggestion that that fact was to receive any extra or special consideration by the jury or that its existence had any special significance. In this respect the instruction differs from that in Spalding v. Robertson, 357 Mo. 37, 206 S.W.2d 517, cited by defendant, where the instruction singled out one feature of the evidence and instructed the jury that it could take such circumstance into consideration. We cannot say, as a matter of law, that error prejudicial to the defendant resulted in this case. We add this comment. The transcript shows that the first objection to the references in the instruction to defendant's corporate status was in the motion for new trial when it was then too late for the trial court to take any corrective action other than the drastic course of granting a new trial which was not warranted. While it is true that specific objections to instructions do not have to be made when the instructions are offered in order to preserve the matter for appellate review, they do have to be made at that time if the court is to have an opportunity to remedy those defects which do not result in reversible error. The references in the instruction to the corporate status do not call for reversal of the judgment, but we feel confident that corrective action would have been forthcoming upon a timely request to the trial court.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.