Judith RIGDON, etc.,
Plaintiff-Respondent,

v.

SPRINGDALE PARK, INC.,
Defendant-Appellant.

No. 37513.

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 5, 1977.

Motion for Rehearing or Transfer
Denied June 9, 1977.

Application to Transfer Denied
July 11, 1977.

Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, Hillsboro, for defendant-appellant.

Charles J. McMullin, St. Louis, for plaintiff-respondent.

GUNN, Judge.

Plaintiff-respondent was injured diving into defendant-appellant's public swimming pool. In the trial on plaintiff's cause of action for damages, the jury returned a verdict for the defendant. The trial court sustained plaintiff's motion for a new trial on the ground that defendant's contributory negligence instruction misstated the law. Defendant has appealed the trial court's ruling. We find that the contributory negligence instruction imposed a duty on plaintiff not required by law; we affirm the order granting a new trial.

According to the evidence, the plaintiff with members of her family and her fiancé went to defendant's public swimming pool in Jefferson County for a summer's day of fun—a day ending in contretemps for plaintiff. Upon entering the pool area some of the young children with plaintiff began diving into the water where the pool deck marking indicated the depth of the water to be three feet. Fearing the depth to be too shallow for diving, plaintiff directed the children to an area of the pool where the depth of the water was marked as five feet deep.[1] There was no indication that diving was not permitted at this particular point, although the pool did have an area specifically designated for diving. Standing by the edge of the pool at the five foot marking, plaintiff gave instructions to the children in her party on proper diving techniques. She assumed a diving stance, pushed off the side of the pool and dove at an angle into the water with her arms extended over her head and her feet together. The ensuing dive resulted in a startling mishap, for plaintiff struck her head on the bottom of the pool and came to the surface screaming.[2]

Plaintiff's evidence was that at the point where she executed the dive, the water depth was approximately three and a half feet; that the water was murky and the bottom of the pool was not visible. Plaintiff submitted her case to the jury on the theory that the water depth marking on the pool deck at the point she dove into the water was inaccurate and misleading thereby rendering the pool unsafe for use.

Defendant, on appeal, does not challenge the sufficiency of the evidence supporting plaintiff's theory of negligence. The defendant's evidence was that the water was clear and that the pool bottom was clearly visible; that plaintiff's own negligence contributed to her injury. Although it had attempted to establish that the pool water was clear, defendant, under its theory of defense, twisted plaintiff's murky water evidence to its favor by asserting that if the water was in fact nubilous, plaintiff was negligent in diving where she could not see the bottom of the pool.

The jury verdict was for the defendant, but the trial court sustained plaintiff's motion for new trial for the reason that defendant's contributory instruction was an incorrect statement of the law; we agree. Defendant's contributory negligence instruction imposed upon plaintiff the duty to first ascertain the depth before diving into the murky water. We believe that to be error, and the trial court was correct in granting the new trial.

The challenged instruction provided:

"Your verdict must be for the defendant whether or not defendant was negligent if you believe:

"First, plaintiff dove into the pool in an area of the pool where no provision was made for diving and at a place where the pool was marked '5 ft. center' and *at a time when the water was so murky that plaintiff could not see the bottom of the pool without first ascertaining the depth of the water at the place of the dive* and in entering the pool dove in such a manner so as to strike the bottom of the pool with her head, and

Second, in so diving plaintiff failed to use ordinary care for her own safety, and

1. The evidence is in conflict as to what markings actually were present on the pool deck. The defendant contended that the marker read "5 ft. center." The pool was constructed so that it was deeper in the center than at the sides. The plaintiff and her fiancé testified that they did not see the word "center" included in the marking. In his deposition introduced at trial, the manager and officer of the pool testified that the marking read "5 ft." In his in-court testimony, the manager stated that the word "center" was included in the marking.

2. The diving incident related by the plaintiff at trial is mightily at odds with an interview given by plaintiff in connection with her interrogatories which form a part of the transcript on appeal. However, the defendant makes no point of this:

"[Plaintiff] Well, the only thing I can actually remember is, I was standing on the side of the pool and I was going to sit down and climb into the pool and when I did, it, I slipped and then the next thing I know, I cannot remember hitting water and my head and then that's about it * * * I kinda went sideways into the pool."

Third, Such failure to use ordinary care caused or directly contributed to cause any damage plaintiff may have sustained.

The term 'negligent' as used in this instruction means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances." (emphasis added).

Under the facts of this case, the plaintiff had no duty to first determine the depth of the water simply because the bottom of the pool was not visible, and the instruction was thereby in error in imposing such a duty.

■■■ Various duties are imposed upon both the operator of a public swimming pool and the pool's patrons. The operator, while not an insurer of the safety of its patrons, does owe its patrons the duty to use reasonable care in furnishing and maintaining its facilities for the purpose for which they were apparently designed and to which they were adapted. The operator is duty bound to make known dangerous conditions safe or to give warning adequate to enable its patrons to avoid the harm. *Boll v. Spring Lake Park, Inc.,* 358 S.W.2d 859 (Mo.1962); *Perkins v. Byrnes,* 364 Mo. 849, 269 S.W.2d 52 (1954). While a patron has the right to rely upon the assumption that the proprietor has discharged his duty and has provided a place that is reasonably safe for the use invited, he has a duty "to exercise ordinary care to avoid known or appreciated dangers and also has the duty to discover conditions of danger which a prudent person in the exercise of ordinary care under the attending circumstances would discover." *Boll v. Spring Lake Park, Inc.,* supra at 863. See also *Smith v. American Flyers, Inc.,* 540 P.2d 1212 (Okl.App.

1975);[3] *Waddel's Adm'r v. Brashear,* 257 Ky. 390, 78 S.W.2d 31 (1935). In exercising such duty however, the patron is not required to make a critical inspection to assure himself that the pool is safe. *Boll v. Spring Lake Park, Inc.,* supra.

To determine whether the duty imposed upon the plaintiff in defendant's contributory negligence instruction was consonant with the rules set out above, we first examine our Supreme Court's decision in *Boll v. Spring Lake Park, Inc.,* supra, which is relied on extensively by the defendant and apparently served as the basis for its contributory negligence instruction. As will be shown below, the defendant's reliance on *Boll* is misplaced, for *Boll* is substantial authority for the proposition that the plaintiff was under no duty to first ascertain the depth of the pool before diving into murky water.

In *Boll,* the plaintiff struck his head on the bottom of the pool during the course of a dive. The jury returned a verdict in favor of the plaintiff and judgment was entered accordingly. On appeal, the defendant contended that the plaintiff was contributorily negligent as a matter of law and that a verdict should have been directed in the defendant's favor. The evidence revealed that the pool was approximately 200 feet long and had a diving board at one end. A rope extended across the pool some 50 to 55 feet from the end of the pool where the diving board was located. While the pool was between 9 and 11 feet deep at the point where a diver using the board would normally enter the water, the depth of the water along the sides of the pool within the roped-off area was only three feet deep. The bottom of the pool was filled with sand,

**3.** *Smith v. American Flyers, Inc.,* supra, illustrates the duty imposed upon a patron. In *Smith,* the defendant operated a swimming pool open to the public. In the deep end of the pool several airplane tire innertubes were floating on the water. The plaintiff attempted to dive through one of the tubes. His first try was successful, but on his second dive he struck his head on the side of the innertube and was seriously injured. At trial, summary judgment was entered on behalf of the defendant on the basis of the plaintiff's contributory negli-

gence, and this ruling was affirmed on appeal. In affirming, the court held that the defendant could not be held liable for not preventing the plaintiff from intentionally taking an unnecessary risk of injury by diving at the innertube. The court concluded "that reasonable men could only conclude that the danger presented by the innertube used in the manner in which plaintiff used it, was obvious and that defendant was under no duty to warn plaintiff of this risk of danger." *Id.,* at 1216.

and at the time of the incident, the water was muddy and the bottom of the pool not visible. The plaintiff dove from the side of the pool within the roped-off "diving" area into three feet of water and struck his head on the bottom. The plaintiff's evidence at trial was that no warning signs or depth markings were present along the side of the pool within the roped-off section—a fact disputed by defendant. The defendant produced evidence of the existence of signs indicating that the depth along the side was only two feet deep. On appeal, the court applied the rules, which we have set forth, concerning the respective duties of the operator and patron of a swimming pool to the facts of the case. As the court was determining whether a directed verdict should have been granted in favor of the defendant, the evidence was viewed in the light most favorable to the plaintiff. See *Boyle v. Colonial Life Ins. Co.*, 525 S.W.2d 811 (Mo.App.1975). Thus, in determining whether the plaintiff was contributorily negligent as a matter of law, the court emphasized the plaintiff's evidence concerning the lack of any signs indicating the depth of the water. The court held that the plaintiff was not contributorily negligent as a matter of law, as he had a right to rely on the assumption that the entire roped-off area would be safe for diving in the absence of any warnings to the contrary. The court also found that plaintiff had no notice of the actual depth of the water, as the bottom was not visible; that plaintiff was under no duty to make a critical inspection of the pool before diving. We quote from *Boll*:

"The pool was approximately 200 feet in length and one fourth of it was set apart from the rest by a rope stretched across the pool. A person reasonably could infer that the portion so set apart was designed for diving as evidenced by the presence of the diving board, and the defendant knew or should have known that in an area so set apart, at least when there were no warning signs, patrons would dive from the sides of the pool as well as from a springboard. Plaintiff apparently was not familiar with the underwater physical features of the pool and could not, because of the muddy water, see the bottom of the pool, but *he was not required to make a critical examination of the facilities,* and he was entitled to rely to a certain extent that defendant would not invite him to use a dangerous facility." *Boll v. Spring Lake Park, Inc.,* supra at 863. (emphasis added).

Although the court held that the plaintiff was not contributorily negligent as a matter of law, it did state that under the facts and circumstances of the case the jury could have found the plaintiff contributorily negligent. The defendant in the case before us extrapolates from this that the jury could have found that the plaintiff was negligent in failing to first ascertain the depth of the water as he could not see the bottom of the pool. The defendant is misreading *Boll*. Under the facts of *Boll* the jury could have found that warning signs were posted (if they chose to believe the defendant's evidence) and therefore found that the plaintiff was negligent in diving despite the existence of these warnings. The jury was so instructed. The defendant's contributory negligence instruction was paraphrased in the *Boll* decision:

"Instruction No. 5 submitted that if the jury found that plaintiff came on the premises when it was daylight and visibility was good, that he elected to enter the pool by diving from the wall where no provision was made for diving and *where there was a clearly visible notice or sign reading 'Shallow 2 feet'* which plaintiff saw or should have seen, that plaintiff was sufficiently mature to appreciate the danger and failed to exercise ordinary care, then the jury should find for defendant." *Id.,* at 864 (emphasis added).

The *Boll* instruction permitted the jury to find the plaintiff negligent only if he proceeded to dive when he knew or should have known of the existence of the danger. The instruction imposed no duty on the plaintiff to first determine the actual depth of the muddy water. An instruction to that effect would have been improper, because it would have required the plaintiff to make a

critical examination of the facilities, which the court had noted the plaintiff was not obligated to do under the facts and circumstances of the case.

█ Turning to the facts of the case before us, we find that even viewing the facts in the light most favorable to the defendant's position, the plaintiff was under no duty to first determine the depth of the water merely because she was unable to see the bottom. The plaintiff dove into the pool at a spot where a sign indicated that the water was five feet deep at the center. There were no signs prohibiting diving at that spot, nor were any oral warnings made to the plaintiff indicating the danger involved in diving at that point. The fact that the water was murky, rather than imposing upon her a duty to ascertain the depth of the water, actually further justified her reliance on the depth markings provided by the defendant. As noted in *Boll v. Spring Lake Park, Inc.,* supra, the plaintiff could rely to a certain extent on the assumption that the defendant would not invite her to use a dangerous facility. While she was under a duty to exercise ordinary care to avoid known or appreciated dangers and to discover conditions of danger which a prudent person in the exercise of ordinary care under similar circumstances would discover, plaintiff was not required to make a critical inspection of the pool. Under the facts of this case the existence of murky water would not impose a duty on the plaintiff to determine the actual depth of the water before diving. That would be a critical examination of the facilities, which under *Boll v. Spring Lake Park, Inc.,* supra, plaintiff would not have to undertake. Therefore, the trial court properly sustained the plaintiff's motion for a new trial on the basis that defendant's contributory negligence instruction improperly stated the law.[4]

4. Our opinion is not to be construed as foreclosing the defendant in a new trial from submitting a proper contributory negligence instruction. There was evidence introduced at trial indicating that the water was clear and that the bottom was visible. Further evidence could be produced to show that in seeing the bottom, a prudent person could determine that the water was substantially less than five feet

The judgment is affirmed and the cause remanded.

KELLY, P. J., and WILLIAM H. CRANDALL, Jr., Special Judge, concur.

deep. Thus, it could be shown that the danger could have been appreciated by her and that she was negligent in proceeding with her dive despite the apparent danger. Furthermore, upon appropriate proof, it is possible that the manner in which plaintiff dove, even if the water were in fact five feet deep, could have been a failure to exercise reasonable care.