**Edward Lee BENNETT, Appellant,**

**v.**

**SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY and Henderson-Union Rural Electric Cooperative Corporation, Appellees.**

Court of Appeals of Kentucky.

Oct. 21, 1966.

M. S. Mahurin, Henderson, for appellant.

Guerry R. Thornton, Louisville, Thomas L. Withers, John L. Dorsey, Henderson, for appellees.

HILL, Judge.

This is an action arising out of an accident that occurred on the farm of Cletus Lewis, Henderson, Kentucky. The Southern Bell Telephone and Telegraph Company and the Henderson-Union Rural Electric Cooperative Corporation maintain and operate lines crossing a field owned by Lewis.

Appellant Edward Lee Bennett contracted with Lewis to cut soybeans in said field. It appears that a wire belonging to Southern Bell, which was beneath the one belonging to Henderson-Union Rural Electric, had sagged crossing the field to such an extent that the elevator on Bennett's combine came in contact with it a few inches below the top where it caught on a bolt causing the tractor and combine to stop. Bennett, apparently not knowing the trouble, had started to his truck parked outside the field to get some tools. Some distance from the combine, he looked back and noticed the wire in contact with his combine elevator. He returned to the machine and backed it a few feet but not far enough to relieve the wire. Then he climbed the elevator and with his hand removed the wire. In so doing, the wire acted as a bowstring jerking his arm thereby causing the injury about which he has made this claim.

This appeal is from a summary judgment for defendants. The only question involved before this court is the correctness of the summary judgment.

The only evidence in the record is the deposition of appellant Edward Lee Bennett taken by defendants, and the facts in the testimony are not disputed.

The appellant was self-employed, and there were no other persons present at the time of the accident.

Summary judgment procedure is designed to expedite the disposition of cases.

It is the duty of the court to render a judgment forthwith if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.

Proceeding under this rule may terminate the action; and if there exists a material factual issue which warrants a trial, the court is not authorized to render judgment. However, if the claims or defenses have no substance, or the controlling facts are not in dispute, or the only controversy relates to immaterial matters, the court may enter summary judgment. Clay, CR 56.03.

In the instant case, the plaintiff did a voluntary, premeditated act with certain knowledge of the situation and the danger involved therein. He proceeded to remove the wire in such a way that it suddenly jerked his hand after the fashion of a bowstring causing injuries to his shoulder. He created his own danger when he released the wire without adjusting his grip so that the wire would be released from his hand in event it sprung back suddenly. It was the plaintiff's duty before releasing the wire to anticipate its action upon being released. It was his duty to analyze the situation to determine the effect of releasing the wire and to take such precautions as would avoid injury to himself.

One who voluntarily subjects himself to peril known to him or generally observable by persons of ordinary prudence in his situation cannot recover damages sustained thereby. Waddel's Adm'r v. Brashear, 257 Ky. 390, 78 S.W.2d 31, 98 A.L.R. 553; Paducah Pole & Timber Co. v. Brockwell, 161 Ky. 424, 170 S.W. 970; Jackson County Rural Electric Cooperative Corp. v. Massey, Ky., 346 S.W.2d 484.

It is concluded that the plaintiff was guilty of contributory negligence as a matter of law and that the summary judgment was proper and is hereby affirmed.