Commonwealth, Appellant, *v.* Dingfelt.

Argued November 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

petition for reargument refused May 2, 1974.

Before RIAL, J.

*Morrison F. Lewis, Jr.,* Assistant District Attorney, with him *Albert M. Nichols,* District Attorney, for Commonwealth, appellant.

*William J. Ober,* for appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal by the Commonwealth from the order of the Court of Common Pleas, Criminal Division, of Westmoreland County, suppressing evidence as illegally obtained. The evidence is essential to the Commonwealth's case in a charge for possession of a controlled substance.

The defendant was an 18 year old senior at Norwin High School when the search and seizure in question took place. On September 22, 1972, on information from a student that the defendant was offering capsules for sale to other students, the school's assistant principal directed the defendant to come to his office and then directed him to empty his pockets and also to take off his shoes. The assistant principal indicated he observed the boy insert something in his shoe or sock. This search resulted in a bottle of capsules being discovered on his person. The assistant principal then took the defendant to the office of the principal and the articles found were placed on the principal's desk and the police called. *Miranda* warnings were not given to the defendant by any of the school officials. When the police arrived, then *Miranda* warnings were given. It was stipulated that neither the principal nor the assistant principal extended *Miranda* warnings to the defendant. There was no contact with the police prior to

the time a call was made from the principal's office. He was charged with possession of a controlled substance. The defendant then petitioned the court below to suppress the evidence. The court suppressed the evidence obtained from the search and this appeal followed.

The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution provides protection for citizens against unlawful searches and seizures by sovereign authorities. Had the search been conducted by a police officer it may have been unlawful and unreasonable. However, the constitutional limitations do not extend to private citizens. The evidence obtained pursuant to an unlawful search by a private citizen is admissible at trial since the purpose of the Fourth Amendment is to protect our citizens from unlawful governmental intrusion. *Commonwealth v. Tanchyn,* 200 Pa. Superior Ct. 148, 188 A. 2d 824 (1963).

The issues before this Court are whether the school principal is such an agent of the government so as to require adherence to the Fourth Amendment safeguards and whether the search was reasonable.

*In re: Donaldson,* 269 Cal. App. 2d 509, 75 Cal. Rptr. 220 (1969), involved a situation where a school official had searched a student's locker without informing the student. In that case the California Court of Appeals found that a vice-principal of the high school is not a government official within the purview of the Fourth Amendment so as to bring into play the prohibitions of unreasonable searches and seizures. The court reasoned that school officials have a duty to maintain order and discipline upon the school premises so that education, teaching and the training of students may be accomplished in an atmosphere of law and order. The evidence obtained as a result of a search by school officials was not suppressed at hearing. See also, *In re: G.,* 11 Cal. App. 3d 1193, 90 Cal. Rptr. 361 (1970).

In *People v. Jackson*, 319 N.Y.S. 2d 731 (1971), the New York Court held that the fruits of a search of a high school student who had run away from a school official while being escorted to the official's office was admissible at trial. The school official obtained the assistance of a nearby policeman when the student took flight and the student was apprehended after a chase of several blocks. A search of the student by the school official revealed various drug paraphernalia. The school official turned the evidence over to the policeman. The court reasoned the school stood in a loco parentis capacity and determined the evidence admissible in a criminal proceeding brought against the student.

In the case of *A.B.C., Alleged Delinquent*, 50 D. & C. 2d 115 (1970), involved the search of a student's locker and the subsequent seizure of the contraband by a school official. The Cumberland County Court held the evidence was admissible at trial although no search warrant was obtained and no permission from the student sought. The court reasoned that no law enforcement officers were involved in the search.

School officials have a great responsibility to see that the vital process of education can take place in an environment conducive to learning. The defendant in this case being 18 years of age and remaining in school placed himself in a position of being subject to the school's discipline. Certainly the peddling or possession of drugs by a student within the confines of the school is not conducive to a secondary school environment. Therefore, it is the duty of school officials to enforce its discipline.

School officials do stand in the position of loco parentis and as such are entitled to retain a degree of control over the school's students and its environment. For these reasons they should not be limited to the degree that would result in making it necessary to warn students of their constitutional rights everytime a prob-

lem of discipline arose and especially when the problem of discipline occasions the knowledge of the commission of a crime. It would be utterly ridiculous for a teacher who confronted a student for throwing a rubber band across the classroom to be under a duty to give *Miranda* warnings before telling the student to empty his pockets.

We are deciding this appeal on two grounds: (1) the search by the school official was not unreasonable and was not in violation of the Fourth Amendment, and; (2) school officials are not law officers of the government so the evidence is admissible because a private citizen acquired it. See the discussion in 49 A.L.R. 3d 978.

The order of suppression is reversed with a procedendo.

---

CONCURRING OPINION BY SPAETH, J.:

I agree that the order of suppression should be reversed. The evidence is admissible because the search was reasonable under the circumstances and therefore not in violation of the Fourth Amendment. *Cf. Adams v. Williams,* 407 U.S. 143 (1972). Given this, it is not necessary to reach the question of whether the school official was acting as a private citizen or as an officer of the government.

HOFFMAN, J., joins in this concurring opinion.