## In re Tracy

*J. Michael Eakin, Assistant District Attorney,* for Commonwealth.
*Edward E. Guido,* for juvenile.

SHUGHART, *P.J.,* April 1, 1980—Prior to the hearing on the petition filed in the above matter, counsel moved to suppress a statement given by the juvenile to the assistant principal of the high school. Testimony was taken at the hearing held on March 6, 1980, with the understanding that a ruling would be made by the court on the suppression matter before a consideration of the case on its

merits. The question raised by this motion is whether a school official must give Miranda warnings. No such warnings were given and if such warnings were required, the statements to the school official may not be considered.

The undisputed facts which are relevant to the suppression motion are as follows. In November, 1979, the high school wrestling coach, who is also a teacher in the school district, discovered that a new "warm-up" jacket was "missing" from his office where it was being stored along with five other new warm-up suits. Each suit consisted of a pair of pants and a jacket; however, only the jacket of one of the suits was missing. The teacher/coach notified school officials and fellow faculty members that a jacket was missing. Shortly thereafter the juvenile was seen wearing a jacket matching the description of the one missing from the coach's office. After being informed of this fact, the assistant principal questioned the juvenile concerning the jacket. When questioned without any prior Miranda warnings, the juvenile related three different stories as to how she acquired the jacket. She stated that (1) she found it behind the school, (2) she found it in a field, and (3) someone gave it to her. The jacket was subsequently identified as the one missing from the coach's office, the police were notified, and these proceedings were instituted.

Counsel for the juvenile contends a school official who suspects a student of committing a criminal act must administer Miranda warnings before any questioning. We disagree. In Miranda v. Arizona, 384 U.S. 436 (1966), the United States Supreme Court held that a person confronted with custodial interrogation must be given what has come to be

known as Miranda warnings.* In defining "custodial interrogation" the court said, "we mean questioning initiated by *law enforcement officers after a person has been taken into custody* or otherwise deprived of his freedom of action in any significant way." Id. at 444. (Emphasis supplied.) This exact language was adopted by the Pennsylvania Supreme Court in Com. v. Sites, 427 Pa. 486, 235 A. 2d 387 (1967). Obviously an assistant principal of a high school is not a law enforcement officer and thus does not come within the scope of the Miranda decision. Further it is clear that the student was not in custody for purposes of interrogation.

Although it might be argued that a school official must give Miranda warnings if he is acting as an agent for the police, that issue is not before us. It is admitted that there was no police involvement whatsoever prior to or at the time of the meeting between the assistant principal and the juvenile.

Notwithstanding the fact that our research has discovered no case deciding the specific question before us, there is authority for our decision. In A.B.C., Alleged Delinquent, 50 D. & C. 2d 115, 20 Cumberland 60 (1970), this court decided that school officials are private citizens and thus evidence seized in a warrantless and non-consensual search of a student's locker, conducted by school authorities, was admissible. Citing A.B.C., Alleged Delinquent, supra, the Pennsylvania Superior Court held that school authorities are private citi-

---

*An individual must be warned that he has a right to remain silent, that any statement he does make may be used against him, and that he has a right to the presence of an attorney, either retained or appointed: Miranda v. Arizona, supra.

zens and not law enforcement officers in Com. v. Dingfelt, 227 Pa. Superior Ct. 380, 323 A. 2d 145 (1974). In that case the Superior Court reversed the lower court's order suppressing evidence seized in a search of defendant conducted by school officials. The court reasoned that school officials are entitled to retain a degree of control over the school's students and its environment because they stand in a position of loco parentis and they have a duty to maintain school discipline.

"For these reasons [*school officials*] *should not be limited to the degree that would result in making it necessary to warn students of their constitutional rights everytime a problem of discipline arose and especially when the problem of discipline occasions the knowledge of the commission of a crime.* It would be utterly ridiculous for a teacher who confronted a student for throwing a rubber band across the classroom to be under a duty to give Miranda warnings before telling the student to empty his pockets." Id. 227 Pa. Superior Ct. at 383, 323 A. 2d at 147. (Emphasis supplied.) This reasoning adopted by the Superior Court in Dingfelt is as compelling today as it was then.

We conclude that the assistant principal was a private citizen and that he acted properly in questioning the juvenile concerning the jacket. As a private individual he was not required to give Miranda warnings before questioning the juvenile. It is clear, therefore, that the evidence may not be suppressed. Considering this evidence along with all the other evidence presented, we conclude that the allegations of the petition are supported beyond a reasonable doubt.

314

## ORDER

And now, April 1, 1980, for the reasons stated in the opinion filed this date, the statements made by the juvenile to the assistant principal are admissible; thus considered, we find that the allegations contained in the petition are supported by the evidence beyond a reasonable doubt. The probation department is directed to prepare a social history report and then reschedule the matter for hearing.