Brad RONE, By and Through his mother and next friend, Ramona PAYNE, Appellant,

v.

DAVIESS COUNTY BOARD OF EDUCATION, Glenn Duncan, Helen Walker Mountjoy, Leonard Worth, Frank G. Riney, III, Vickie Smith Stovall, Charles Dawson, Jr., Waymond Morris, Gene Crume, Kenny Baughn, and Larry Martin, Appellees.

Court of Appeals of Kentucky.

July 22, 1983.

Marvin P. Nunley, David Yewell, Owensboro, for appellees.

Scott T. Wendelsdorf, Ogden, Robertson & Marshall, Louisville, David W. Lamar, Owensboro, for appellant.

Before HAYES, C.J., and COOPER and McDONALD, JJ.

COOPER, Judge.

This is an appeal from a summary judgment for the appellees, defendants below, in an action for both damages and injunctive relief. On appeal, the issue is whether the trial court acted correctly in determining that there was no genuine issue as to any material fact, and that the appellees were entitled to judgment as a matter of law. CR 56.03. Reviewing the record below, we affirm.

In February of 1982, the appellant, Brad Rone, by and through his mother and next friend, Ramona Payne, filed this action against the appellees, Daviess County Board of Education, its members, and assistant principals of Daviess County High School, seeking both injunctive relief and compensatory and punitive damages arising out of a search conducted of the appellant's person on school property. The action alleged that the search violated the appellant's Fourth Amendment rights of the United States Constitution, and that the appellee Board of Education had either implicitly or explicitly adopted a policy of strip-searching students. Subsequent to discovery by both parties, the appellees filed a motion for summary judgment. Additionally, the appellant filed a motion for summary judgment. The trial court subsequently issued an opinion entering summary judgment for the appellees. It is from such judgment that the appellant now appeals.

On appeal, the issue is whether the trial court acted correctly in determining that there was no genuine issue as to any material fact and that the appellees were entitled to judgment as a matter of law. *Bennett v. Southern Bell Telephone & Telegraph Co.*, Ky., 407 S.W.2d 403 (1966). If a trial court determines that the controlling material facts are not in dispute even though a dispute exists as to immaterial facts, it may enter a summary judgment. *See Bennett.* Here, material facts not disputed by the parties are as follows:

1. During the school year 1981–82, the appellant was a fifteen-year-old male high school student at Daviess County High School.

2. On January 7, the appellant gave two fellow students prescription medication, causing one student to feel dizzy and confused.

3. On January 27, the appellant distributed a quantity of marijuana to two female students on the school bus.

4. On January 28, the day of the search in question, the appellant subsequently admitted passing marijuana to another student. He further admitted that he had grown marijuana himself and had smoked it frequently.

5. Only after the appellant had told the administrators that he had smoked marijuana, had possession of it, and had transferred it to another student was he requested to submit to a search. At no time during the search did the appellant object to it. Rather, the evidence establishes that he voluntarily submitted to it and cooperated with the school officials throughout.

6. The search itself was conducted in the principal's office with only appellees Crume and Baughn present. No law enforcement authorities were present.

7. Although the appellant was requested during the search to lower both his trousers and undershorts, those articles of his clothing were never removed. Additionally, the appellant was never offensively touched during any part of the search. The only clothing completely removed from the appellant was his jacket and shoes.

8. The avowed purpose of having the appellant lower his shorts and undershorts to his thighs was to determine if either contained drugs or marijuana, underclothing being a prime hiding place for controlled substances.

9. No criminal charges were ever brought against the appellant, the previous incidents remaining entirely within the realm of school discipline.

10. The search involved a single student for a single specific reason. No systematic searches of other students were conducted.

Although the appellant argues that the trial court erred, as a matter of law, in not granting his request for injunctive relief, given the arbitrary and unreasonable strip-search policy of the Daviess County School System, we reject such an argument. There was no evidence that either the appellee Board of Education or the Superintendent had instituted a de facto strip-search policy. On the contrary, the record reflects the fact that such searches were infrequent, and only conducted after the school administrators had substantial reason to believe that the student possessed illegal drugs. Consequently, there is no evidence to support the appellant's claim that the appellees were operating under a de facto policy of conducting illegal and unreasonable searches. As such, the trial court properly entered summary judgment for the appellee Board of Education.

■■■■ Furthermore, the record indicates that the search, conducted by school officials with no law enforcement officials present, met the test of "reasonable suspicion" established by courts in other jurisdictions. See Picha v. Wielgos, 410 F.Supp. 1214 (N.D.Ill.1976); Bellnier v. Lund, 438 F.Supp. 47 (N.D.N.Y.1977); Bilbrey v. Brown, 481 F.Supp. 26 (D.Or.1979). That standard allows search if conducted by school officials in a school setting without the presence of law enforcement officials. Stated differently, school authorities need only possess "reasonable suspicion" rather than probable cause in order to conduct such a search. The logic behind this standard is that probable cause is necessary only if the evidence in question is to be used in a criminal prosecution.

Here, the school officials stood in loco parentis to the students within the school system, including the appellant. See Casey County Board of Education v. Luster, Ky., 282 S.W.2d 333 (1955). As such, the school had the authority and discretion to formulate any necessary rules which, in their judgment, promoted the public good, provided that such rules were neither arbitrary nor maliciously promulgated. See Luster, at p. 334. Here, there is no evidence of either arbitrariness or maliciousness on the part of the school officials in searching the appellant. On the contrary, the school officials had a number of "articulable facts" which, when taken together, provided rea-

sonable grounds for the search. *See Bellnier, supra.* Such facts included the appellant's age; his history and record within the school system—namely passing prescription drugs to other students and passing marijuana to two students the day before the search; and the appellant's own admission that he had possessed, passed, and smoked marijuana. Given such facts, we cannot say that the officials lacked the requisite "reasonable suspicion." Taken as a whole, their actions were responsible and sensible as they sought to safeguard the welfare of all the children within the school system, and they are to be commended in their attempt to prevent the appellant from entering the criminal justice system.

In its opinion and judgment, the trial court stated, in part, as follows:

Under the circumstances of this case, the Court is of the opinion the search was not unreasonable and Defendants are entitled to Judgment as a matter of law. This is true whether viewed in the context of probable cause for the search, the "reasonable suspicion" rule, or the *in loco parentis* doctrine. The common sense view that school officials stand in the same relationship as parents during school hours is a necessary and compelling one so long as they do not act unreasonable. (Sic). How many times must a child be caught distributing illegal controlled substances before a reasonable minded parent or school principal would conclude he is presenting a daily problem to himself and other students . . .

The court is of the opinion the school officials were far more reasonable and justified in their actions in this case than most cases relied on by the Plaintiffs. The matter could have been turned over to the legal authorities for investigation and appropriate action. Surely neither Brad nor his mother would have wanted that. Once caught up in the criminal justice system, too many youngsters seem never to escape it.

With such an analysis, we agree.

The judgment of the trial court is affirmed.

All concur.