470 So.2d 760 (1985)
Wendy M. ADAMS, Hallie Whittaker, Tracy Clay, Kirby Postlethwait, Cheryl Jones, Appellants,
v.
SCHOOL BOARD OF BREVARD COUNTY, Appellee.
Nos. 84-394 to 84-398.
District Court of Appeal of Florida, Fifth District.
May 30, 1985.
*761 Burton J. Green, American Civil Liberties Union of Florida, Brevard Chapter, Cocoa, for appellants.
Bill Walker, Rockledge, for appellee.
SHARP, Judge.
These consolidated appeals concern five students, Wendy M. Adams, Hallie Whittaker, Tracy Clay, Kirby Postlethwait, and Cheryl Jones. They appeal from final orders of the Brevard County School Board which expelled them from the Astronaut High School for the remainder of the 1983-1984 school year and the 1984 summer session. The orders were entered after an *762 informal hearing before the Board,[1] which involved six students, including the five appellants. We affirm as to Hallie Whittaker and Tracy Clay, but reverse as to Kirby Postlethwait, Wendy Adams and Cheryl Jones.
These students were charged with violating the School Board's Rule 6GX5-4.10(3)(b). It provides:
(b) Possession, Sale and/or Use of Alcoholic Beverages, Narcotics, Illegal Drugs, and/or Prohibited Substances.
1. Possession, Sale and/or Use. Notice is hereby given that possession or sale of controlled substances, as defined in Florida Statutes, Chapter 893, by any student while such student is upon school property or in attendance at a school function is grounds for expulsion. Pupil possession of or being under the influence of alcoholic beverages, and/or hallucinogenic drugs, or combinations of drugs or drug paraphernalia expressly prohibited by federal, state, or local laws, including prohibited substances which shall include those substances possessed, sold, and/or used that are held out to be, or represented to be, controlled substances, illegal substances, or counterfeit in any respect illegal or controlled substances, at any school function or on school property is grounds for expulsion and referral to proper law enforcement agencies. (Emphasis supplied).
The Board found in the cases of Wendy, Hallie, Tracy and Kirby, that they were buying and using illegal drugs or counterfeit substances while on school grounds. It found that Cheryl sold illegal drugs or a counterfeit substance while on the school property.
The evidence in these cases consisted primarily of statements the students made to the administrative deans at the high school. The students did not testify at the hearing. The administrative deans testified the students' statements were made to them voluntarily, and without promises of lenience.[2] As to each child, his or her own statement was admissible as an "admission," § 90.803(18), Fla. Stat. (1983), although as applied to the other students, it was hearsay, § 90.801(1)(c), Fla. Stat. (1983). However, hearsay is admissible at administrative hearings, and it is sufficient to bolster a fact-finding conclusion, so long as there is other competent evidence. C.F. Chemicals, Inc. v. Florida Department of Labor and Employment Security, 400 So.2d 846 (Fla. 2d DCA 1981); § 120.58(1)(a), Fla. Stat. (1983).
In these cases, the record does not establish that illegal drugs or prohibited substances were possessed, sold, or used by any of these students. A teacher obtained a pill, allegedly from the same source who supplied the students in this case. It was analyzed as being pure caffeine. On one side, the pill said "Magnum" and on the other side it said ".357." It looked like an oblong aspirin tablet.
The administrative deans both testified various other students told them the pills involved in these transactions were "speed," and that speed is the students' common street name for amphetamines. However, they did not contradict the individual students' statements in these cases as to whether or not they represented the pills as speed; or whether the pills were represented to them to be speed.
We think that these are the crucial fact issues in these cases. The School Board Rule and charges against these students require either some evidentiary basis to conclude that the pills were actually illegal or controlled substances (which proof was completely lacking), or alternatively, that the students held them out to be speed. If *763 they used them or sold them after representing the pills as illegal or controlled substances, such proofs would sustain their expulsion under the Rule. McEntire v. Brevard County School Board, 471 So.2d 1287 (Fla. 5th DCA 1985).
Analogous to the criminal statute, section 817.563, the person charged with this crime must make a representation to another that the "counterfeit substance" is an unlawful or controlled substance. Under the School Board Rule, possessing or using a pill which was represented by another, or by the student who was using it, to be "speed" or another controlled substance, would also constitute grounds for expulsion. However, in either case, whether the representor or representee actually knew what the substance was, or whether he or she intended to sell, use or possess a controlled or counterfeit substance, is not the key issue. Cf. State v. Bright, 451 So.2d 880 (Fla. 5th DCA 1984), approved, 463 So.2d 1147 (Fla. 1985).
In the case of Hallie Whittaker, the record shows she told the administrative dean that she purchased "one pill (speed)." She later told a friend, Tracy Clay, that she had just taken "speed" and that it made her feel good. She told Tracy she got it from Paul Jones, which prompted Tracy to also buy a pill from Paul. There is sufficient evidence to conclude she made the required representations that the caffeine pills were amphetamines.
In the case of Tracy Clay, she was first told of the pills by Hallie, who called them "speed." She bought some pills from Paul Jones, who did not tell her they were "speed." She admitted in her testimony before the Board involving another student, that she thought the pills were amphetamines, but there is no evidence that she, herself, ever represented them to be "speed" to anyone. This case is much closer, but we conclude there was sufficient evidence to sustain the Board's findings that the pills were represented to Tracy to be "speed" by Hallie, and that she purchased and used them based on that representation.
In the case of Wendy Adams there is no mention in her statement of "speed." She said she was asked by Tracy to buy "caffeine" pills, and that she bought some from Cheryl Jones. But there was no evidence Cheryl or anyone else told her they were "speed," or that she represented them to be "speed." The evidence does sustain a finding that Wendy thought the pills were "speed," but that is an insufficient basis alone to prove a violation of the Rule as it was then worded.
There was even less evidence against Kirby Postlethwait. In his statement he said he bought one "pill" from Paul Jones for fifty cents and then he took it. Tracy Clay said in her statement she later gave money to Wendy Adams to buy more pills for Kirby, but there is no additional competent evidence against Kirby regarding this later purchase. No representations were proved in the record, either ones made to him or made by him about the pills being "speed." The Rule violation was clearly not proven against him.
Cheryl Jones was one of the students who brought pills to school to sell. However, in her statement she said she bought the pills from her brother, Sam, who told her they were "caffeine." She sold some to Wendy Adams for Tracy Clay, and there was hearsay evidence she gave some to Leah Thompson. However, there was no evidence she represented the pills to be "speed" or that they were represented to her to be "speed." We conclude the evidence in her case was also insufficient to prove a violation of the Rule.
We affirm the orders regarding Hallie Whittaker and Tracy Clay; but reverse those regarding Wendy Adams, Cheryl Jones and Kirby Postelthwait. Regarding these three students, appellee shall expunge from their school records all references and documentation relative to their expulsions and take all necessary steps to place them in the educational status they would have achieved, had it not been for their expulsion.
*764 REVERSED IN PART; AFFIRMED IN PART.
COBB, C.J., and COWART, J., concur.
NOTES
[1] §§ 120.57(2), 230.23, Fla. Stat. (1983).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), has not been extended to a student questioned by school officials in furtherance of their disciplinary duties. Boynton v. Casey, 543 F. Supp. 995 (D.C.Me. 1982); In Re Brendan H., 82 Misc.2d 1077, 372 N.Y.S.2d 473 (N.Y. Fam. Ct. 1975); Commonwealth v. Dingfelt, 227 Pa.Super. 380, 323 A.2d 145 (1974).