Lohren F. MARTIN, Jr., Appellant,

v.

UTICA MUTUAL INSURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

Sept. 13, 1985.

Case Ordered Published by Court of Appeals Oct. 18, 1985.

ium there. This constituted a sufficient basis for a finding of residence within the meaning of the statute.

 Nor does the contention that summary judgment (CR 56) was improper have merit. The rule does not require that a case be void of issues but that it be void of "material issues of fact." The vague denial that Martin had executed the indemnity agreement which bore his name was not, under the circumstances, sufficient to overcome a motion for summary judgment. *See Rone v. Daviess County Board of Education,* Ky.App., 655 S.W.2d 28 (1983), and *Bennett v. Southern Bell Telephone and Telegraph Company,* Ky., 407 S.W.2d 403 (1966).

For the foregoing reasons, the judgment of the Pulaski Circuit Court is affirmed.

All concur.

William M. Scalf, Lexington, for appellant.

Deborah B. Simon, Michael Brodarick, Louisville, John G. Prather, Somerset, for appellee.

Before LESTER, MILLER and REYNOLDS, JJ.

MILLER, Judge.

This is a suit by appellee, Utica Mutual Insurance Company (Utica Mutual), against appellant, Lohren F. Martin, Jr., (Martin), in the Pulaski Circuit Court upon a contract of indemnity. Summary judgment was entered for Utica Mutual. Martin brings this appeal, complaining of improper venue and impropriety of summary judgment.

The venue argument is without merit. This is a transitory action governed by KRS 452.480, and which was properly brought in the county where the defendant (Martin) resided. The statute is written in terms of "residence" and not "domicile." It is a fundamental rule that a person may have many residences, thus subjecting himself to suit in multiple venues. There is evidence that Martin stayed in Pulaski County at varying times for various purposes and that he maintained a condomin-