## JONES v OFFICE OF THE SHERIFF
### Case No. 86-48 AP
Consolidated City of Jacksonville, Civil Service Board
April 11, 1988

### APPEARANCES OF COUNSEL
**William Sheppard,** for appellant.
**Bruce Page,** Assistant General Counsel, for appellee.

### OPINION OF THE COURT
MAJOR B. HARDING, Circuit Judge.

This is an appeal from the Decision of the Civil Service Board affirming the decision of the Sheriff to terminate the appellant, Officer H. W. Jones, Jr. as an employee for misconduct in office.

The appellant raises several points, two of which are significant.

On May 27, 1986, Appellant delivered a motion to suppress by hand

to the Appellee. In the motion Appellant asks the Civil Service Board (Board) to suppress "any and all evidence or the fruits thereof sought by the Office of the Sheriff to be introduced at the hearing in this cause which was the fruit of an illegal and warrantless search and seizure conducted in or about August, 1985 of Jones' patrol vehicle and his brief case." The Appellant requested an evidentiary hearing and an order suppressing the tangible and intangible items obtained through the search and seizure and/or any items indirectly derived from the search and seizure. The Appellant's attorney also made an oral motion to suppress the same items from the alleged warrantless search at the administrative hearing held on October 2, 1986. Appellant's motion was denied without an evidentiary hearing.

The Appellant argues that the burden is on Appellee to show that it was a legal search. Appellant also claims that the exclusionary rule applies to administrative hearings. Appellee argues "The Rules of Criminal Procedure" *do not apply* to the issues in this case.

As Appellant indicated "the United States Supreme Court has yet to provide definitive guidance on the question" of whether or not the exclusionary rule applies to administrative hearings. (Appellant's Brief p. 12) However, Appellant relies on *One 1958 Plymouth Sedan v Pennsylvania,* 380 U.S. 693 (1965) as the U. S. Supreme Court case which ties the exclusionary rule to administrative hearings.

In *Plymouth Sedan, supra,* a car was searched without a warrant and police officers seized the car and some illegal cases of liquor. The Commonwealth of Pa. filed a *petition for forfeiture* of the car. The petition was dismissed by the trial judge because "the seizure was founded upon evidence illegally obtained, since under the particular circumstances the officers acted without probable cause." *Id.* p. 695. The trial judge's decision was reversed because the Pa. Supreme Court concluded that the exclusionary rule applies only to criminal prosecutions and is not applicable to forfeiture proceedings which are *civil* in nature.

The U.S. Supreme Court granted certiorari to determine if the exclusionary rule applies to *forfeiture proceedings.* The U.S. Supreme Court held that " 'the forfeiture of a man's property by reason of offenses committed by him, though they may be *civil* in form, are in their nature criminal.' " "As, therefore, suits for penalties and forfeitures incurred by the commission of offenses against the law, are of this quasi criminal nature, we think that they are within the reason of criminal proceedings for all the purposes of the fourth amendment of the Constitution." *Id.* p. 1249.

135

Appellant is attempting to analogize a forfeiture proceedings to an administrative hearing; thereby, allowing the exclusionary rule to apply to an administrative hearing. However, there is a definite difference between a forfeiture proceeding and an administrative hearing. The forfeiture proceeding arises out of the criminal offense, although the forfeiture is a *civil* case. One can understand the U. S. Supreme Court's reasoning in permitting the exclusionary rule to apply to forfeiture proceedings, because the use of the property seized was allegedly criminal in nature. In addition, it is difficult to "establish an illegal use without using the evidence resulting from the search which is challenged as having been in violation of the Constitution." *Id.* p. 1250. No where in the U. S. Supreme Court's decision does it state that the exclusionary rule will apply to administrative proceedings. In the present fact situation, the Appellant is charged with violations of the rules and regulations for the Office of Sheriff. In other words, Appellant is charged with exhibiting conduct unbecoming to a police officer, where the penalty, if it is found there are violations, is suspension or termination from employment with the Sheriff's Office. This Court does not deem it appropriate to determine the Civil Service Board proceeding investigating an employee for his conduct in the performance of duties, "quasi-criminal in nature," and, therefore, does not accede to the application of the "exclusionary Rule" to such proceedings.

While there may be a question as to the sufficiency of appellant's motion to suppress the Court does not need to rule thereon.

The second issue of note raised by the appellant is whether:

the Civil Service Board erred by accepting as exhibits from the Sheriff's Office transcripts from the Sheriff's Office transcripts of investigative interviews given by witnesses who later testified at Appellant's administrative hearing?

Florida Statute Section 120.58(1)(a) states:

(1) In agency proceedings for a rule or order:

(a) Irrelevant, immaterial, or *unduly repetitious evidence* shall be excluded, but all other evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs shall be admissible, whether or not such evidence would be admissible in a trial in the Courts of Florida. Any part of the evidence may be received in written form, and all testimony of parties and witnesses shall be made under oath. *Hearsay evidence may be used for the purpose of supplementing or explaining other evidence,* but it shall not be sufficient in itself to support a finding unless it would be

admissible over objection in civil actions. This paragraph applies only to proceedings under s. 120.57. (emphasis added.)

Addendum No. 5, Hearing Procedure For Employee Appeals Of Disciplinary Action Of The Civil Service And Personnel Rules And Regulations states:

H. Evidence. The hearing shall not be governed according to technical rules relating to evidence and witnesses. Any relevant evidence shall be admitted if it is the sort of evidence on which reasonable prudent persons are accustomed to rely in the conduct of their affairs. *Hearsay evidence* may be used to supplement or explain other evidence. Irrelevant and *unduly repetitious* evidence shall be excluded. (emphasis added.)

Appellant argues that (1) the transcripts did not meet any of the criteria of a hearsay exception in a civil action, (2) the hearsay was not corroborated by otherwise competent substantial evidence, and (3) its use was unjust because appellant had no opportunity to cross-examine the witnesses at the time they gave the statements.

The Florida courts have consistently held that:

Administrative Procedure Act allows admission of hearsay at agency hearings when used for purpose of supplementing or explaining other evidence but precludes its admission if *solely* used to support finding unless it would be admissible over objection in civil action; if hearsay *is corroborated* by otherwise competent, substantial evidence it is admissible. *Pasco County School Bd. v Florida Public Employees Relations Commission,* 353 So.2d 108, 120 (Fla. 1st DCA 1977); *Spicer v Metropolitan Dade County,* 458 So.2d 792 (Fla. 3d DCA 1984); *Adams v School Bd. of Brevard County,* 470 So.2d 760 (Fla. 5th DCA 1985).

In *Jones v Hialeah,* 294 So.2d 686 (Fla. 3d DCA 1974), the 3rd DCA held that "administrative boards are not required to adhere to the strict rules pertaining to exclusion of evidence required in trials in a court of law;" however, hearsay should not be strictly admissible and whether or not it should be permitted in an administrative hearing is a question of "fundamental fairness." The hearsay rule should not be totally discarded "particularly in cases where individuals are threatened with serious deprivations, such as loss of a job." *Id.* p. 688.

In the present fact situation, the question of whether or not the transcripts should have been admitted boils down to (1) were the transcripts "supplementing or explaining," or "corroborating" the oral testimony which was subject to cross-examination? or (2) were the

transcripts "unduly repetitious" of the oral testimony and therefore they should be excluded?

Corroborating evidence is defined as:

Evidence supplementary to that already given and tending to strengthen or confirm it. Additional evidence of a different character to the same point. *Black's Law Dictionary* 5th Ed. p. 311 (1979)

"Unduly repetitious" can be defined as; "excessively repeating," Webster's 9th New Collegiate Dictionary - (1983).

The Court finds the transcripts were not unduly repetitious but were, in fact, supplementing the oral testimony.

Actually, whether the transcripts had been excluded or admitted the decision of the Board would not have been different because there was adequate convincing and detailed oral testimony which was given at the hearing to support the Boards' decision.

## CONCLUSION

The other points raised on appeal are ruled on without opinion by this Decision.

It is Adjudged:

The decision of the Civil Service Board of Jacksonville, Florida, affirming the dismissal of Officer H. W. Jones, Jr., an employee of the Sheriffs Office is affirmed.

DONE AND ORDERED in Chambers, Jacksonville, Duval County, Florida, this 11th day of April, 1988.