## Commonwealth v. Cermak

*John A. Kopas III, assistant district attorney,* for the Commonwealth.

*Susan Ritz Harper,* for defendant.

FRANKS, *J.,* December 12, 1990—This case is before this court on defendant's motion to suppress evidence. After a review of the facts and applicable law, we deny defendant's motion and hold that the exclusionary rule does not apply to the actions of the private security guard.

## BACKGROUND

Defendant, Richard Stephen Cermak, was charged with a violation of the Drug Act, when, as a patient in Brownsville General Hospital, marijuana was found in his room.

On March 8, 1990, a private security guard noticed three individuals walking through the parking lot of the hospital, and then later, sitting in the grass. The guard approached them and asked them if they were smoking marijuana. After speaking with them inside the hospital, the guard searched defendant's room.

It is at this point that there is conflicting testimony. The security guard testified that when he entered defendant's room, he asked defendant if he had any marijuana. When defendant answered in the affirmative, he asked where it was. Defendant told the guard it was in his jacket in the closet.

Defendant testified, however, that the guard never asked for permission to do a search. When he entered the room, the security guard announced that he needed to search the room. Defendant got out of bed and into a wheelchair as the security guard conducted the search.

As a result of the search, the security guard found marijuana and some pills in defendant's room. Defendant moves for the suppression of this evidence claiming the search and seizure were unlawful.

## DISCUSSION

The federal Constitution protects citizens from unlawful and unreasonable searches and seizures. A violation of this right may result in the suppression of evidence obtained therefrom. However, these protections are applicable only to government action, not to that of private parties. The purpose of the exclusionary rule is to protect citizens from unlawful governmental intrusions and to deter unlawful police conduct. *Commonwealth v. Dingfelt,* 227 Pa. Super. 380, 323 A.2d 145 (1974).

The search and seizure in question was done by a private security guard hired by the hospital. The agency for which the guard worked was licensed by the Commonwealth, but the guard was employed by the hospital in a private capacity. The Pennsylvania Supreme Court in *Commonwealth v. Corley,* 507 Pa. 540, 491 A.2d 829 (1985), held that a private security guard was not acting on behalf of the state so the exclusionary rule did not apply. Likewise, the security guard who searched defendant's room in this case did so on his own accord. There was no government involvement.

Because the actions of the private security guard are not subject to the exclusionary rule, any evidence obtained pursuant to the search will be admissible at trial. To hold otherwise would not effectuate the purpose of the rule.

Hence, the following

## ORDER

And now, December 12, 1990, it is hereby ordered and directed that defendant's motion to suppress evidence is denied.